GDA:JB
F.#2000R02722

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                      02 CR 307 (NGG)

SALVATORE VITALE

             Defendant.

- - - - - - - - - - - - - - - - -X


## GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE
## PURSUANT TO SECTION 5K1.1 and 18 U.S.C. 3553(s)

**(FILED UNDER SEAL)**


LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Pierrepont Plaza East
Brooklyn, New York  11201


GREG D. ANDRES
JOHN BURETTA
Assistant United States Attorneys
    (Of Counsel)

Table of Contents

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    I.   Education and Employment History . . . . . . . . . 10

    II.  The Bonanno Organized Crime Family . . . . . . . . 10

    III. Prior Arrests and Prosecution . . . . . . . . . . 11

        A.   United States v. Massino & Vitale
            81 CR 03 (RWS)(SDNY) . . . . . . . . . . . . . 12

        B.   United States v. Vitale,
            01 CR 283 (ADS) . . . . . . . . . . . . . . . 12

        C.   United States v. Massino, et. al,
            02 CR 307 (NGG) . . . . . . . . . . . . . . . 13

VITALE'S COOPERATION . . . . . . . . . . . . . . . . . . . . . 17

    I.   Intelligence & Related Information . . . . . . . . 17

        A.   The Murders/Murder Conspiracies
            And Attempted Murders . . . . . . . . . . . . 18

            1.   Murder of Vito Borelli (1976) . . . . . . 19

            2.   Murder of Joseph "Doo Doo" Pastore (1976) 19

            3.   Indelicato, Giaccone and Trinchera Murders
               (Three Captains Murder) And Bruno
               Indelicato Murder Conspiracy (1981) . . . 20

            4.   Murder of Dominick "Sonny Black"
               Napolitano (1981) . . . . . . . . . . . . 23

            5.   Murder of Anthony Mirra (1982) . . . . . 24

            6.   Giliberti Attempted Murder (1982) . . . . 24

            7.   Murder of Enrico Mazzeo (1983) . . . . . 25

            8.   Murder of Caesar Bonventre (1984) . . . . 25

            9.   Attempted Murder of David Nunez (1985) . 26

i

10.  Murders of Robert Capasio and
     Joseph Platia (1986) . . . . . . . . . .  27

11.  Murder of Gabriel Infanti (1987) . . . .  28

12.  Murder of Gerard Guarino (1989) . . . . .  29

13.  Murder of Anthony Tomasulo (1992) . . . .  29

14.  Murder of Russell Mauro (1991) . . . . .  30

15.  Murder of Sammy DiFalco (1992) . . . . .  31

16.  Murder of Robert Perrino (1992) . . . . .  31

17.  Murder of Thomas and Rosemary Uva (1992)  32

18.  Murder of Gerlando Sciascia (1999) . . .  33

19.  Murder of William Cutolo (1999) . . . . .  33

20.  Murder of Frank Santoro (2001) . . . . .  34

B.   Search Warrants and Wiretaps . . . . . . . .  35

     1.  Perrino Body Search . . . . . . . . . .  35

     2.  Three Captains Body Search . . . . . .  36

     3.  Wiretaps . . . . . . . . . . . . . . .  36

II. Bonanno Organized Crime Family
    Prosecutions . . . . . . . . . . . . . . . . . .  37

    A.  United States v. Cosoleto/Massino, et al.,
        02 CR 307 (NGG) . . . . . . . . . . . .  38

        1.  The Pled Defendants . . . . . . . . .  39

            a.  Robert Lino . . . . . . . . . .  39

            b.  Daniel Mongelli . . . . . . . .  40

            c.  Ronald Filocomo . . . . . . . .  40

        2.  Massino Trial . . . . . . . . . . .  41

B.   United States v. Basciano and DeFilippo,
     et al., 03 CR 929 (NGG) ("Basciano I") . . . .   45

     1.   The Pled Defendants . . . . . . . . . . .   46

          a.   Joseph Massino . . . . . . . . . .   47

          b.   Anthony Donato . . . . . . . . . .   48

          c.   Anthony Frascone . . . . . . . . .   49

          d.   Emanuel Guaragna . . . . . . . . .   49

          e.   Johnny Joe Spirito . . . . . . . .   49

     2.   Basicano and DeFilippo Trial . . . . . .   50

          a.   Basciano & DeFilippo Trial . . . . .   51

          b.   Basciano Retrial . . . . . . . . .   55

C.   United States v. Urso, et. al,
     03 CR 1382 (NGG)  . . . . . . . . . . . . . .   58

     1.   The Pled Defendants  . . . . . . . . . .   70

          a.   Anthony Urso  . . . . . . . . . .   70

          b.   Joseph Cammarano  . . . . . . . .   71

          c.   Louis Attanasio  . . . . . . . . .   72

          d.   Peter Calabrese  . . . . . . . . .   73

          e.   Joseph DeSimone  . . . . . . . . .   74

          f.   Robert Attanasio  . . . . . . . .   75

          g.   Anthony Furino  . . . . . . . . .   76

          h.   Michael Cardello  . . . . . . . .   77

          i.   Louis Restivo  . . . . . . . . . .   78

          j.   Sandro Aiosa  . . . . . . . . . .   79

          k.   Peter Cosoleto  . . . . . . . . .   79

iii

l.  Joseph DiStefano . . . . . . . . . 80

m.  Gino Galestro . . . . . . . . . . 80

n.  Anthony Navarra . . . . . . . . . 80

o.  Philip Navarra . . . . . . . . . 81

p.  John Palazzolo . . . . . . . . . 81

q.  Richard Riccardi . . . . . . . . 83

r.  Vito Rizzuto . . . . . . . . . . 83

s.  Joseph Sabella . . . . . . . . . 84

t.  Joseph Torre . . . . . . . . . . 84

u.  Patrick Romanello . . . . . . . . 85

v.  Michele Sottile . . . . . . . . . 86

2.  Trial Defendants . . . . . . . . . . 87

a.  Baldassare Amato . . . . . . . . 88

b.  Steve LoCurto . . . . . . . . . 90

c.  Anthony Basile . . . . . . . . . 92

D.  United States v. Basciano/Mancuso, et al.,
    05 CR 060 (NGG) ("Basciano II") . . . . . . . 93

1.  The Pled Defendants . . . . . . . . . . 94

a.  Michael Mancuso . . . . . . . . 94

b.  Anthony Indelicato . . . . . . . . 96

c.  Anthony Donato . . . . . . . . . 97

d.  Anthony Aiello . . . . . . . . . 98

2.  Trial Defendant: Basciano . . . . . . . 98

E.  United States v. Rabito, et al.,
    06 CR 800 (SLT) . . . . . . . . . . . . . 99

iv

1.   Anthony Rabito . . . . . . . . . . . 107

2.   Nicholas Santoro . . . . . . . . . . 108

3.   Jerry Asaro . . . . . . . . . . . . 109

4.   Joseph Cammarano, Jr. . . . . . . . 109

5.   Louis DeCiccio . . . . . . . . . . 110

6.   Paul Spina . . . . . . . . . . . 111

7.   Giacomo Bonventre . . . . . . . . . 112

III. Colombo Organized Crime Family:
     United States v. Persico and DeRoss,
     04 CR 911 (SJ) (JS) . . . . . . . . . . . 112

IV.  Gambino Organized Crime Family:
     United States v. Pizzonia, et al.,
     05 CR 425 (JBW) . . . . . . . . . . . 113

V.   Genovese Organized Crime Family . . . . . . . . 115

     A.   Southern District Prosecutions . . . . . . . 115

     B.   Eastern District Prosecution:
          United States v. Cirillo, et al.,
          05 CR 212 (SLT) . . . . . . . . . . . 116

VI.  Other Prosecutions . . . . . . . . . . . 117

     A.   United States v. Bronson,
          05 CR 714 (NGG) . . . . . . . . . . . 117

     B.   Canadian Prosecutions . . . . . . . . . 120

COOPERATION OF OTHERS . . . . . . . . . . . . . 121

CONCLUSION   . . . . . . . . . . . . . . . . 121

**PRELIMINARY STATEMENT**

Below the government recounts the defendant Salvatore Vitale's crimes and his cooperation.  Both were extensive – even unprecedented.  Vitale was, for more than three decades, associated with the Bonanno organized crime family of *Cosa Nostra* (the "Bonanno family").  He rose to leadership positions in that enterprise, and ultimately, as the underboss and acting boss, he served in two of the most powerful positions in the American mafia.  He has committed, sometimes daily, a wide array of crimes that include horrific acts of violence.  He engaged in murder repeatedly, including the eleven murders to which he pled guilty. For most of his adult life, Salvatore Vitale lived outside the laws of the United States.

These facts are undisputed.  They have been repeated in this courtroom and elsewhere by Vitale himself testifying as a government witness.  Since shortly after his arrest on January 9, 2003, Vitale has been a crucial government witness in the longstanding, ongoing, and important fight against organized crime.  For his cooperation, and pursuant to the written agreement between the defendant Vitale and the government, the United States Attorney's Office for the Eastern District of New York hereby moves to permit the Court to downwardly depart from the applicable United States Sentencing Guidelines (the "Sentencing Guidelines") range of life imprisonment.  This

1

application is made pursuant to Title 18, United States Code, Section 3553(e) and Section 5K1.1 of the Sentencing Guidelines.

As discussed more fully below, Vitale's cooperation with federal, state, and foreign law enforcement authorities has been substantial in every respect. For example, Vitale has identified more than 500 members and associates of *Cosa Nostra* in the United States and beyond, and he has provided crucial information about the manner in which these criminals operate, the structure and rules they have implemented and follow, and other details about every facet of their criminal enterprise. Evidence furnished by Vitale has led to the prosecution of high ranking members of the Bonanno, Colombo, Gambino, and Genovese organized crime families. His cooperation against the Bonanno family in particular – resulting in the conviction of dozens of members and associates and more than four bosses/acting bosses - has substantially diminished that criminal enterprise. He has provided detailed accounts about more than thirty murders, murder conspiracies, and attempted murders, and more than thirty defendants that have been charged relating to these crimes. He testified at six trials (all of which led to convictions) and he was prepared to testify at many others. His information has been used in wiretaps and search warrant applications alike, yielding additional evidence that included the remains of at least three mafia victims buried long ago. Finally, his cooperation led

directly to the cooperation of other high-ranking members of the Bonanno family, who in turn have provided important information to the government – the results of which will be detailed in a separate letter filed ex parte and under seal.

In short, Vitale's cooperation has been devastating to the very mafia to which he once swore allegiance and particularly to the Bonanno family.  Below is a brief summary of Vitale's cooperation, which is further detailed in Section II:

- **Intelligence**:  Vitale has provided important information about all five New York-based *Cosa Nostra* families, identifying the administrations of those families, captains, soldiers, associates, and even the names of various individuals proposed for induction. He has identified locations where the mob met and where they buried some of their victims.  He provided information about various "Commission" meetings – when representatives of all five families met to discuss business – including individuals in attendance and the issues addressed.  In short, Vitale has provided vital intelligence that has been useful not only to the prosecutions that have been filed, but to many others, where his knowledge of the mafia has helped shape investigations.

- **Murders:**  Vitale has provided information – indeed evidence – about more than thirty murders, attempted murders, and murder conspiracies planned and plotted by the mafia.  He has identified men who were shot, and sometimes killed, in cars, warehouses, basements, on their doorsteps, or on the streets where they lived and engaged in the routine activities of life.  Each story is tragic, yet in many ways repeated.  Bonanno family associate Anthony Giliberti, for example, was shot nine times on his doorstep (and lived) in 1991.  Frank Santoro was shot and killed while walking his dog in February of 2001.  In between, in 1992, Robert Perrino was murdered and buried in a shallow grave in a garage in Staten Island.  Perrino's body was recovered more than a decade later (based on information provided by Vitale and others).  In 1984, Cesar Bonventre was shot

and killed, and his body was severed and stuffed in
steel drums in pieces.  In 1999, Gerlando Sciascia was
murdered and his body dumped on a vacant street in the
Bronx.  There were others: Anthony Mirra, Alphonse
"Sonny Red" Indelicato, Philip "Phil Lucky" Giaccone,
Dominick "Big Dom" Trinchera, Anthony Tomasulo, Gabriel
Infanti, Russell Mauro, Joseph Pastore, Vito Borelli,
Enrico Mazzeo, Thomas and Rosemary Uva, Gerald Guarino,
Sebastian "Sammy" DiFlaco, and Robert Capasio.

- **Administration Members**:  Vitale's cooperation was
  significant not only because of the sheer number of
  defendants indicted and convicted based on information
  he provided, but also because of the rank and criminal
  histories of many of those defendants.  For example, to
  date, almost a dozen members of *Cosa Nostra* family
  administrations have been charged with, and most have
  pled guilty or been convicted after trial of,
  racketeering-related crimes involving murders.  Those
  defendants include:  Bonanno family boss Joseph
  Massino, Bonanno family acting boss and acting
  consigliere Anthony Urso, Bonanno family acting
  underboss Joseph Cammarano, Bonanno family acting boss
  Vincent Basciano, Bonanno family acting boss Michael
  Mancuso, Bonanno family acting consigliere Anthony
  Rabito and acting underboss Nicholas Santoro, Colombo
  family acting boss Alphonse Perisco and acting
  underboss Jackie Deross and former Genovese family
  acting boss Lawrence Dentico.

- **Bonanno family:**  Vitale's evidence and testimony
  against members and associates of the Bonanno family
  alone has been substantial.  Over the course of his
  cooperation, the government has staged one of the most
  significant series of prosecutions against a single
  organized crime family, and Vitale was always a crucial
  and available witness.  In all, he has provided
  important information against virtually every
  significant criminal supervisor in that enterprise over
  the last thirty years.  And while the Bonanno family
  continues to exist and operate, there can be no
  question that its power, reputation, and reach have
  been substantially diminished.  Additionally, Vitale's
  evidence and testimony has led to the cooperation of
  several other members of the Bonanno family.  As of
  approximately 2002, the Bonanno family was the only one
  of the five New York-based *Costa Nostra* families never

4

to have a made member cooperate and testify in federal court.  Today, less than a decade later, more than a dozen have cooperated, and while Vitale was not the first, there is no question that several cooperated based on the fear that Vitale's own information and testimony would lead to their arrest and conviction.  Several of these men have recorded criminal conversations with other members and associates of organized crime and have provided valuable evidence in a range of other criminal prosecutions.

- **Trials:**  As discussed below, Vitale testified at the following six trials: (1)  <u>United States v. Massino</u>, 02 CR 307 (NGG); (2) <u>United States v. Basciano</u>, 03 CR 929 (NGG) (<u>Basciano I</u>); (3) <u>United States v. Amato</u>, 03 CR 1382 (NGG); (4) <u>United States v. Basciano</u>, 03 CR 929 (NGG) (<u>Basciano II</u>); (5) <u>United States v. Pizzonia</u>, 05 CR 425 (JBW); and (6) <u>United States v. Persico</u>, 04 CR 911 (SJ) (JS).  He also was available to testify in countless others and met with agents and prosecutors specifically to prepare for several trials.

- **Search Warrants and Title III Applications**:  Vitale's information was used repeatedly in federal search warrants and Title III applications.  Two search warrants are particularly noteworthy because they led to the recovery of bodies buried long before.  In December 2003, more than ten years after Robert Perrino's murder, Special Agents from the Federal Bureau of Investigation (FBI), Investigators from the New York State Police, and Detectives from the New York City Police Department executed a search warrant in a garage in Staten Island and recovered Perrino's remains.  Probable cause for this warrant was based on information provided by Vitale and other cooperating witnesses.  At the time of his murder, Perrino was the superintendent of delivery at the <u>New York Post</u>, and members and associates of the Bonanno family, including Perrino, were under investigation for their involvement in illegal activities at the <u>Post</u>.  Less than a year later, in October 2004, FBI Special Agents executed a search warrant at a vacant lot in Queens – also based on information provided by Vitale and others – and recovered the remains of Bonanno family captains Philip "Phil Lucky" Giaccone and Dominick "Big Trin" Trinchera.  Giaccone and Trinchera were murdered and

their bodies were buried more than two decades earlier in May of 1981.

- **Forfeiture:** In prosecutions in which Vitale testified, the government has secured forfeiture judgments of more than $20,000,000.  At the <u>Massino</u> trial in 2004, the jury reached a verdict on the forfeiture allegations, returning a money judgment of $10,393,359.00 against Massino and required the forfeiture of two properties owned/controlled by Massino (where the Casablanca Restaurant and the Café Via Veneto are located).  This verdict was based in part on Vitale's testimony.  In the <u>Basciano</u> prosecution, the Court ordered forfeiture against Bonanno family acting boss/boss Vincent Basciano in the amount of $5,400,000, and against Bonanno family captain Patrick DeFilippo in the amount of $4,376,787 – both of which were based in part on testimony provided by Vitale.

* * * * *

Below is a chart detailing some of the more significant defendants against whom Vitale provided information and who were prosecuted (or who were prosecuted based on the cooperation of others against whom Vitale provided information).  Of the more than fifty defendants noted below, more than thirty-five were

charged with, convicted of, or pled guilty to, acts involving murder.

| No. | Defendant | Rank/*Cosa Nostra* Family | Sentence |
|-----|-----------|----------------------------|----------|
| 1 | Joseph Massino* | Bonanno boss | Life Imprisonment |
| 2 | Vincent Basicano* | Bonanno boss/acting boss | Life Imprisonment |
| 3 | Anthony Urso* | Bonanno acting boss/ acting consigliere | 20 Years |
| 4 | Michael Mancuso* | Bonanno acting boss | 15 Years |
| 5 | Alphonse Persico* | Colombo acting boss | Life Imprisonment |
| 6 | Lawrence Dentico* | Genovese acting boss (later Genovese family ruling committee) | 51 Months |
| 7 | Louis Attanasio* | Bonanno acting underboss/captain | 15 Years |
| 8 | Joseph Cammarano, Sr.* | Bonanno acting underboss | 15 Years |
| 9 | Nicholas Santoro | Bonanno acting underboss | 36 Months |
| 10 | Anthony Rabito | Bonanno acting consigliere | 33 Months |
| 11 | Jackie DeRoss* | Colombo acting underboss | Life Imprisonment |
| 12 | Jerome Asaro | Bonanno captain | 30 Months |
| 13 | Peter Calabrese* | Bonanno captain | 15 Years |
| 14 | Dominick Cicale* | Bonanno captain | Facing Life Imprisonment |
| 15 | Louis DeCiccio | Bonanno captain | 40 Months |
| 16 | Joseph DeSimone* | Bonanno captain | 12 Years |

7

| No. | Defendant | Rank/*Cosa Nostra* Family | Sentence |
|-----|-----------|---------------------------|----------|
| 17 | Frank Lino* | Bonanno captain | Facing Life Imprisonment |
| 18 | Robert Lino* | Bonanno captain | 27 Years |
| 19 | Daniel Mongelli* | Bonanno captain | 24 Years |
| 20 | James Tartaglione* | Bonanno captain | Facing Life Imprisonment |
| 21 | Michael Cardello* | Bonanno soldier/ captain | 10 Years |
| 22 | Louis Restivo* | Bonanno soldier/ captain | 10 Years |
| 23 | Baldassare Amato* | Bonanno soldier/ captain | Life Imprisonment |
| 24 | Anthony Indelicato* | Bonanno soldier/ captain | 20 Years |
| 25 | Dominick Pizzonia* | Gambino captain | 15 Years |
| 26 | Robert Attanasio* | Bonanno soldier/ acting captain | 10 Years |
| 27 | Generoso Barbieri* | Bonanno soldier/ acting captain | Facing Life Imprisonment |
| 28 | Joseph Cammarano, Jr.* | Bonanno soldier/ acting captain | 27 Months |
| 29 | Anthony Furino | Bonanno captain/ acting captain | 24 Months |
| 30 | Anthony Aiello* | Bonanno soldier | 30 Years |
| 31 | Sandro Aiosa | Bonanno soldier | 12 Months |
| 32 | Giacomo Bonventre | Bonanno soldier | 9 Months |
| 33 | Peter Cosoleto* | Bonanno soldier | 10 Years |
| 34 | Joseph DiStefano | Bonanno soldier | 24 Months |
| 35 | Anthony Donato* | Bonanno soldier | 25 Years |
| 36 | Anthony Frascone | Bonanno soldier | 12 Months (and 1 Day) |

8

| No. | Defendant | Rank/*Cosa Nostra* Family | Sentence |
|-----|-----------|---------------------------|----------|
| 37 | Gino Galestro* | Bonanno soldier | 24 Months |
| 38 | Emanuel Guaragna | Bonanno soldier | 20 Months |
| 39 | Steven LoCurto* | Bonanno soldier | Life Imprisment |
| 40 | Anthony Navarra | Bonanno soldier | 3 Years Probation |
| 41 | Philip Navarra | Bonanno soldier | 21 Months |
| 42 | John Palazzolo* | Bonanno soldier | 10 Years |
| 43 | Richard Riccardi* | Bonanno soldier | 10 Years |
| 44 | Vito Rizzuto* | Bonanno soldier | 10 Years |
| 45 | Johnny Joe Spirito* | Bonanno soldier | 20 Years |
| 46 | Paul Spina* | Bonanno soldier | 106 Months |
| 47 | Joseph Torre | Bonanno soldier | 24 Months |
| 48 | Frank Ambrosino* | Bonanno associate | Facing Life Imprisonment |
| 49 | Anthony Basile* | Bonanno associate | Facing Life Imprisonment |
| 50 | Ronald Filocomo* | Bonanno associate | 20 Years |
| 51 | Patrick Romanello* | Bonanno associate | 10 Years |
| *denotes defendants charged with or involved in acts involving murder* | | | |

**BACKGROUND**

Vitale repeatedly has testified about his own background, criminal history, and association with the Bonanno family and the charges to which he pled guilty.  Each of these topics is covered in detail in the Presentence Investigation Report and, accordingly, only briefly addressed herein.  Vitale is now 62 years old and has a history of health issues.  He has been incarcerated since his arrest in January 2003 and, thus, by the time of his sentencing, he will be have served more than seven years and eight months in prison.[1]

**I.   Education and Employment History**

Vitale was born in Brooklyn and has principally lived there and in Queens and Long Island.  He is a high school graduate and briefly attended the City College of New York.  He served in the United States Army in the late 1960s and received an honorable discharge.  His employment history is brief.  He has held jobs in the catering business, at UPS, and as a "narcotics corrections officer" for the State of New York.

**II. The Bonanno Organized Crime Family**

Vitale was associated with the Bonanno family for more than three decades.  He held numerous and significant positions in that family and engaged in a variety of criminal activity,

---

[1]   Assuming that Vitale is entitled to "good time" credit, he will have served close to a ten year term of imprisonment at the time of sentencing.

10

including murder, arson, burglary, hijacking, loansharking, extortion, insurance fraud, illegal gambling, accessory after the fact to murder, money laundering, obstruction of justice and securities fraud, and conspiracies to commit these crimes.

For more than four decades, Vitale has known Joseph Massino. Massino dated and later married Vitale's sister. Vitale worked on Massino's catering truck and later ran his "numbers business." Later, Massino put Vitale on record with him and the Bonanno family and together they committed a vast array of crimes. Massino served as the best man at Vitale's wedding; Vitale served as Massino's underboss in the ensuing years. Vitale has testified that Massino taught him how to swim as well as how to kill.

## III. **Prior Arrests and Prosecution**

Vitale has been arrested and prosecuted federally three times, including his arrest in the instant prosecution. The first arrest ended in acquittal at trial in the Southern District of New York. Vitale pled guilty after his second arrest and in the third – this case – he pled guilty and cooperated; both cases were prosecuted in the Eastern District of New York. Below is a brief summary.

11

**A.    United States v. Massino & Vitale**
**81 CR 03 (RWS)(SDNY)**

In 1984, Vitale was charged (together with Joseph Massino) with various crimes relating to his association with the Bonanno family.  In particular, both Vitale and Massino were charged with racketeering and racketeering conspiracy pursuant to Title 18, United States Code, Sections 1962(c) and (d).  Vitale was charged with the following three predicate acts:

> (a)  the hijacking of a truck containing canned tuna fish in May 1975;
>
> (b)  the hijacking of a truck containing frozen seafood on or about December 31, 1976; and
>
> (c)  obstruction of justice in or about September 1981.

Vitale and Massino both proceeded to trial and both were acquitted because the jury found that the predicate acts charged were not within the statute of limitations.

**B.    United States v. Vitale,**
**01 CR 283 (ADS)(EDNY)**

In 2002, a grand jury sitting in the Eastern District of New York charged Vitale with various offenses, including racketeering, racketeering conspiracy, and conspiracy to collect unlawful debts, all pursuant to Title 18, United States Code, Section 1962, various loansharking counts, pursuant to Title 18, United States Code, Sections 892 and 894, illegal gambling, pursuant to Title 18, United States Code, Section 1955, and money laundering, pursuant to Title 18, United States Code, Section

12

1956.  The racketeering counts included predicate acts detailing the same conduct charged as in the substantive counts: loansharking, gambling, and money laundering.

Vitale pled guilty pursuant to a plea agreement before the Honorable Arlene Lindsay, United States Magistrate Judge, on June 14, 2002, to racketeering, which included predicate acts involving an extortionate collection of credit conspiracy and illegal gambling.  The Honorable Arthur D. Spatt, United States District Judge, sentenced Vitale principally to a term of imprisonment of forty-five months in January 2003, a sentence that reflected the high end of the Guidelines with a one-month reduction based on the defendant's military service.  Vitale has completed that sentence.

### C.    United States v. Massino, et al., 02 CR 307 (NGG)(EDNY)

Vitale was arrested on January 9, 2003, together with Bonanno family boss Joseph Massino, Bonanno family captain Frank Lino, and Bonanno family associate Ronald Filocomo.  That indictment was the latest in a series that ultimately charged more than thirty members and associates of the Bonanno family. At the time of his arrest, Vitale was charged with racketeering conspiracy – including predicate acts of conspiracy to murder, and the murder of, Bonanno family associate and New York Post employee Robert Perrino in 1992 – and loansharking.  United

13

States Magistrate Judge Joan M. Azrack ordered Vitale detained, and he has remained incarcerated since.

Vitale began cooperating shortly after his arrest.  He has since met with literally dozens of federal, state, and even foreign law enforcement officials, and he has testified repeatedly.  Throughout his debriefings, Vitale has been straightforward, credible, and truthful.  Indeed, as a result of his own cooperation, the government learned about a host of criminal activity that Vitale and others were involved in, which was previously unknown to investigators.  Vitale pled guilty to many of these crimes, including all of the most serious.

Of note, most, if not all, of the available evidence as to his involvement in the crimes he pled guilty to consisted only of Vitale's own proffer-protected admissions.  As a result of his debriefings and cooperation, Vitale also subjected himself to the possibility of the death penalty given his involvement in the 1999 death-eligible murder of Bonanno family captain Gerlando Sciascia.

In April 2003, Vitale pled guilty, pursuant to a cooperation agreement, to a two-count information charging: (a) racketeering conspiracy, pursuant to Title 18, United States Code, Section 1962(d); and (b) murder-in-aid-of racketeering, pursuant to Title 18, United States Code, Section 1959.  Both counts carry a term of life imprisonment; the latter requires a

term of mandatory life (absent an applicable departure motion).

As part of the Count One racketeering conspiracy, Vitale pled

guilty to twenty-five crimes charged as predicate acts, including

eleven murders.

Specifically, the defendant pled guilty to the

following predicate acts:

| Racketeering Act # | Description |
|---|---|
| 1a | Extortionate Extension of Credit Conspiracy (Title 18, United States Code, Section 892) |
| 1b | Extortionate Collection of Credit Conspiracy (Title 18 United States Code, Section 894) |
| 2a | Conspiracy to murder Joseph "Doo Doo" Pastore (New York Penal Law Sections 125.25(1) and 105.15) |
| 2b | Murder of Joseph "Doo Doo" Pastore (New York Penal Law Sections 125.25(1) and 20.00) |
| 3a | Conspiracy to Murder Alphonse "Sonny Red" Indelicato (New York Penal Law Sections 125.25(1) and 105.15) |
| 3b | Murder of Alphonse "Sonny Red" Indelicato (New York Penal Law Sections 125.25(1) and 20.00) |
| 3c | Conspiracy to Murder Philip "Philip Lucky" Giaccone (New York Penal Law Sections 125.25(1) and 105.15) |
| 3d | Murder of Philip "Philip Lucky" Giaccone (New York Penal Law Sections 125.25(1) and 20.00) |
| 3e | Conspiracy to Murder Dominick "Big Trin" Trinchera (New York Penal Law Sections 125.25(1) and 105.15) |
| 3f | Murder of Dominick "Big Trin" Trinchera (New York Penal Law Sections 125.25(1) and 20.00) |
| 4a | Conspiracy to Murder Dominick "Sonny Black" Napolitano (New York Penal Law Sections 125.25(1) and 105.15) |

| Racketeering Act # | Description |
|---|---|
| 4b | Murder of Dominick "Sonny Black" Napolitano (New York Penal Law Sections 125.25(1) and 20.00) |
| 5a | Conspiracy to Murder Caesar Bonventre (New York Penal Law Sections 125.25(1) and 105.15) |
| 5b | Murder of Caesar Bonventre (New York Penal Law Sections 125.25(1) and 20.00) |
| 6 | Illegal Gambling – Joker Poker Machines (Title 18 United States Code, Section 1955) |
| 7a | Conspiracy to Murder Gabriel Infanti (New York Penal Law Sections 125.25(1) and 105.15) |
| 7b | Murder of Gabriel Infanti (New York Penal Law Sections 125.25(1) and 20.00) |
| 8a | Conspiracy to Murder Anthony Tomasulo (New York Penal Law Sections 125.25(1) and 105.15) |
| 8b | Murder of Anthony Tomasulo (New York Penal Law Sections 125.25(1) and 20.00) |
| 9a | Conspiracy to Murder Russell Mauro (New York Penal Law Sections 125.25(1) and 105.15) |
| 9b | Murder of Russell Mauro (New York Penal Law Sections 125.25(1) and 20.00) |
| 10a | Conspiracy to Murder Robert Perrino (New York Penal Law Sections 125.25(1) and 105.15) |
| 10b | Murder of Robert Perrino (New York Penal Law Sections 125.25(1) and 20.00) |
| 11a | Conspiracy to Murder Gerlando Sciascia (New York Penal Law Sections 125.25(1) and 105.15) |
| 11b | Murder of Gerlando Sciascia (New York Penal Law Sections 125.25(1) and 20.00) |

As noted, these charges included the most serious crimes Vitale committed, and most were revealed to the government through his own cooperation.  At the time of his arrest, Vitale

16

was charged with only one murder as a predicate act.  Months later at his guilty plea, he pled guilty to eleven. Additionally, Vitale consented to the forfeiture of $490,100 - money he voluntarily turned over as part of his cooperation.  He also turn over various other evidence, including his address book and other documents, and lists of proposed members for the various *Cosa Nostra* families, much of which was later admitted as evidence at various trials.

## VITALE'S COOPERATION

As detailed below, Vitale's cooperation has been groundbreaking by any measure.  For more than seven years he has repeatedly met with agents, detectives, and prosecutors and has been forthright about his own criminal conduct and that of others.  He has both turned over evidence that he maintained and provided information that has led to the recovery of other evidence - including the remains of those murdered by the Bonanno family.  Scores of defendants have been indicted and convicted based on information provided by Vitale, and he has testified repeatedly.  Vitale's cooperation is detailed below.

## I.   Intelligence & Related Information

Salvatore Vitale has provided information about all five New York-based *Cosa Nostra* families, as well as information about the New Jersey-based DeCavalcante family.  He has provided information about their criminal activities and their membership

17

alike, often identifying members and associates by photograph.
He also has provided vital intelligence about the rules of *Costa Nostra*, about how it operates and how its members and associates profit.  Of particular note is the information that Vitale has provided about attempted murders, murder conspiracies, and murders committed by *Cosa Nostra* over the last three decades.
Information relating to these murders, as well as other intelligence used for search warrants and other affidavits, is detailed below.

**A.    The Murders/Murder Conspiracies
       And Attempted Murders**

        Vitale provided extensive information about various murders, attempted murders, and murder conspiracies.  In all, Vitale provided information about more than thirty acts relating to murder – most of which resulted in an actual killing – more often than not caused by the mere suspicion that the victim had cooperated with law enforcement or in some other way violated a rule of *Cosa Nostra*.  Vitale's information was corroborated in important ways and often led to the filing of charges and, later, convictions.  The details of these murders are outlined below.[2]

---

[2] The summaries set forth herein do not purport to identify every detail Vitale provided or as to which he is knowledgeable in regard to these and other matters.  In addition, the organized crime positions of various individuals discussed herein do not necessarily reflect the highest position ever held by those individuals.

1.   **Murder of Vito Borelli (1976)**

Vitale provided information regarding the murder of
Vito Borelli.  Individuals associated with both the Bonanno and
Gambino family killed Vito Borelli in the mid-1970s, based on an
order from Gambino family boss Paul Castellano.  At the time of
his murder, Borelli was dating Castellano's daughter and
apparently insulted him, resulting in the order to kill.  Vitale,
at the time a Bonanno associate, provided a van for Joseph
Massino before Borelli's murder.  Vitale also was involved in the
subsequent disposal of Borelli's body.  Among others, the
following individuals were involved in Borelli's murder: Joseph
Massino, John Gotti, Angelo Ruggerio, Frank DeCiccio, Dominick
Napolitano, and Anthony Rabito.  Borelli's body was dismembered
and his remains have never been recovered.

Vitale was likely the first cooperating witness to
provide information relating to the Borelli murder, and while no
defendant has been charged with this crime, Vitale did testify
about the details of the Borelli murder as Rule 404(b) evidence
in the Massino trial.  Further, this information was also used as
part of the successful pretrial detention motion filed against
Bonanno family acting consigliere Anthony Rabito.

2.   **Murder of Joseph "Doo Doo" Pastore (1976)**

Vitale also provided information relating to the 1976
murder of Joseph "Doo Doo" Pastore.  Prior to Pastore's murder,

Massino asked Vitale to "clean-up" after Pastore was killed, and Vitale agreed to do so.  Pastore had been involved in an illegal cigarette business with Massino, and he often spent time at Massino's deli.  He was murdered in an apartment above the deli. Pastore was close with Colombo family soldier Carmine "Tutti" Franceze, and Franceze and Massino were also close.  Franceze, according to Massino, shot and killed Pastore.  Pastore's body was later recovered in a dumpster in Queens.

As part of his cooperation, Vitale pled guilty to the Pastore murder, and he also testified about Massino's role in that murder at the <u>Massino</u> trial (also pursuant to Rule 404b). At the time Vitale provided this information, there was no active investigation into this crime.

### 3.   Indelicato, Giaccone and Trinchera Murders (Three Captains Murder) And Bruno Indelicato Murder Conspiracy (1981)

In May 1981, as part of an internecine war within the Bonanno family, Massino, Vitale, and others, including Canadian-based Bonanno family soldier Vito Rizzuto, shot and killed Bonanno family captains Alphonse "Sonny Red" Indelicato, Philip "Phil Lucky" Giaccone, and Dominick "Big Trin" Trinchera.  During the course of the struggle, Massino was aligned with both Bonanno family boss Philip Rastelli (who was incarcerated at the time) and members loyal to the Sicilian faction, known as "Zips,"

headed by Bonanno family captain Salvatore Catalano.  The
Indelicato faction was supported by the Genovese family.  The
Rastelli faction was supported by the Gambino and Colombo
families, headed at the time by Paul Castellano and Carmine
"Junior" Persico, respectively.

     In light of this strife, the Commission instructed
members of the Bonanno family to avoid any violence until
Rastelli was released from prison and could resolve these
problems.  Sometime after this order, Massino learned from
Colombo family soldier Carmine Franceze that the Indelicato
faction began arming themselves with weapons.  Massino approached
Castellano, whom he had previously assisted in the Borelli
murder, and sought permission from him to retaliate.  Castellano
gave Massino permission to "protect" himself.

     On May 5, 1981, Massino, aided by the "Zips,"
orchestrated the murders of Indelicato, Giaccone, and Trinchera.
Each was shot to death in a social club in Brooklyn.  Their
bodies were disposed of and, at first, only Indelicato's body was
recovered from a shallow grave in Queens.  Among others involved
in the murders of Indelicato, Giaccone, and Trinchera (either
before or after the fact), were Massino's associates Vitale,
James "Big Louie" Tartaglione, and Duane "Goldie" Leisenheimer,
as well as members of Napolitano's crew and various members and
associates connected to the Sicilian faction of the Bonanno

family, including Vito Rizzuto.

Following these murders, Massino ordered members of the Bonanno family to find and kill Bruno Indelicato, Alphonse Indelicato's son and a member of the Bonanno family, to prevent (Bruno) Indelicato from attempting to avenge his father's murder. Efforts made to locate Bruno Indelicato were unsuccessful. The Commission had authorized the murder of Bruno Indelicato only during a thirty-day period, and when Indelicato was not murdered within that time frame, the "hit" on him expired. Indelicato later returned and remained a member of the Bonanno family.

Vitale pled guilty to the conspiracy to murder, and murder of, Indelicato, Giaccone, and Trinchera as part of his cooperation. He also testified at length about the details before, during, and after these killings at the <u>Massino</u> trial, which resulted in a jury verdict of guilty as to each murder. Further, Bonanno family soldier Vito Rizzuto was indicted and convicted for these murders based on Vitale's information. At the time of his arrest, Rizzuto was the most powerful member of *Cosa Nostra* in Canada. Additionally, information provided by Vitale as to these murders was used in the government's motion to detain Bonanno member Anthony Rabito. And finally, as discussed below, Vitale provided crucial evidence later used in a search warrant that led to the recovery of the remains of both Giaccone and Trinchera more than twenty years after their murders.

###### 4.   Murder of Dominick "Sonny Black" Napolitano (1981)

Various members and associates of the Bonanno family, including Vitale, murdered Bonanno family captain Dominick "Sonny Black" Napolitano in 1981, several weeks after agents from the FBI revealed that "Donnie Brasco," an associate under Napolitano, was in fact FBI Special Agent Joseph Pistone, who had been working undercover for several years.  In his undercover capacity, Pistone first became associated with the Bonanno family through Anthony Mirra, a Bonanno family soldier, but he later developed a relationship with Bonanno family soldier Benjamin "Lefty Guns" Ruggerio, who was a soldier in Napolitano's crew. Through Ruggerio, Pistone gained access to and developed a relationship with Napolitano.

Members of the Bonanno family, on Massino's order, shot and killed Napolitano in August/September 1981.  These members included, among others, Massino, Vitale, Frank Lino, Frank Coppa, Richard Riccardi, and Ronald Filocomo.  Napolitano's body was buried in a shallow grave in Staten Island, and was recovered approximately one year later in August 1982.  Vitale pled guilty to the Napolitano murder as part of his cooperation.  He testified to the details of the murder at the <u>Massino</u> trial, and the jury found this predicate act "proven."  Several others also have pled guilty to the Napolitano murder, including Bonanno family associate Ronald Filocomo.  Lino, Coppa, and Riccardi have

also been prosecuted, and each pled guilty to various crimes.

### 5.   Murder of Anthony Mirra (1982)

Bonanno family soldier Anthony Mirra, like Napolitano, was killed due to his involvement in the introduction of Special Agent Pistone into the Bonanno family.  Mirra was shot in the head and killed in February 1982 on Massino's order.  At the Massino trial, Vitale testified to various admissions made by Massino regarding the Mirra murder – and like every other crime Massino was charged with – the jury found him guilty.  Others involved in this crime, including Joseph D'Amico and Richard Cantarella, have also been prosecuted.

### 6.   Giliberti Attempted Murder (1982)

Massino ordered the murder of Bonanno family associate and union delegate Anthony Giliberti in the early 1980s.  At the time, with Bonanno family boss Phil "Rusty" Rastelli still in jail, Massino was serving as Rastelli's conduit to the Bonanno family and International Brotherhood of Teamsters Local 814. Giliberti was a union delegate who helped provide kickbacks to the Bonanno family, and in particular to Rastelli.  Massino later believed that Giliberti had disobeyed his order not to use another associate in any of the criminal activities at the union, and he feared that Giliberti might cooperate with law enforcement.  As a consequence, Massino ordered Giliberti's murder.  Massino tasked Bonanno family captain Gabriel Infanti

with the assignment to kill Giliberti.  Ultimately, Giliberti was shot nine times by individuals associated with the Bonanno family.  He survived, however, and later testified against Massino at his 1986 trial in the Eastern District of New York, which involved racketeering charges.  Massino was convicted at that trial and sentenced to a ten-year term of imprisonment.

At the Massino trial, Vitale provided details about the Giliberti attempted murder based on Massino's admissions. Vitale's information was used both to indict Massino and, based on his testimony at trial, to convict him of this racketeering act.

### 7.  Murder of Enrico Mazzeo (1983)

Various members and associates of the Bonanno family shot and killed Enrico Mazzeo in November 1983.  Mazzeo was a former New York City official and a Bonanno family associate who was close to then-Bonanno family associate Richard Cantarella. Ultimately, Cantarella and others had Mazzeo killed.  Vitale was aware of Mazzeo's murder, generally, based on statements from Massino, and he provided those details during his debriefings. Several individuals associated with the Bonanno family have been prosecuted for this murder.

### 8.  Murder of Caesar Bonventre (1984)

Members and associates of the Bonanno family shot and killed Bonanno family captain Caesar Bonventre.  Massino gave the

25

order to kill Bonventre, which was carried out by several individuals including Salvatore Vitale, James Tartaglione, Louis "Louey Ha Ha" Attanasio, Robert Attanasio, Peter "Peter the Rabbit" Calabrese, and Duane "Goldie" Leisenheimer.  Bonanno family captain Gabriel Infanti was tasked with disposing of Bonventre's body.  In April 1984, Bonventre's mutilated body was found in a warehouse in New Jersey.

Vitale provided detailed facts about the Bonventre murder, and he pled guilty to it as a predicate act as part of his cooperation.  His information led directly to the charging of several individuals, including Massino, Tartaglione, Louis Attanasio, Robert Attanasio, Peter Calabrese, and Leisenheimer, for acts related to this crime.  Several have been convicted and sentenced, while others have pled guilty but not yet been sentenced.

### 9.  <u>Attempted Murder of David Nunez (1985)</u>

On November 14, 1985, then-Bonanno family associate Vincent Basciano, then-Bonanno family soldier Patrick DeFilippo, and then-Bonanno associate Anthony Donato, were involved in the shooting of David Nunez as Nunez exited a cab on White Plains Road in the Bronx, New York, in front of a "numbers spot."  Nunez was shot in connection with a gambling dispute; he survived after treatment at a local hospital.  Basciano, DeFilippo, and Donato attempted to escape by car, but each was apprehended and

ultimately pled guilty to lesser included offenses in state court.

Vitale testified at the trial of Basciano and DeFilippo about this shooting, and while he was not familiar with the victim's name, he had discussed the details of the shooting with Bonanno family boss Joseph Massino.  In particular, Vitale testified that soon after Massino came home from prison in 1992, Massino told Vitale that, before promoting DeFilippo to the position of captain, Massino wanted to verify the events surrounding a shooting in which Basciano and DeFilippo were involved in the Bronx in which "Patty" got away.  The jury found this predicate act "proven" as to both defendant Basciano and defendant DeFilippo.  Previously, Bonanno family soldier Anthony Donato pled guilty to his involvement in this crime, charged as a predicate act as part of a racketeering conspiracy count.  All three defendants have been convicted of this crime and others, and each is serving a substantial sentence.

### 10. Murders of Robert Capasio and Joseph Platia (1986)

In May 1986, members and associates of the Bonanno family murdered Bonanno family associate Robert Capasio and his friend Joseph Platia.  Bonanno family soldier Stephen LoCurto was previously acquitted in New York State Court for the murder of Platia, and no charges had previously been filed with respect to the Capasio murder.  Capasio was murdered in Brooklyn.  Platia,

27

who was waiting for Capasio in Manhattan at the time Capasio was killed, was murdered to eliminate him as a potential witness in the Capasio murder.  LoCurto shot Platia repeatedly on the corner of 35th Street and 10th Avenue in Manhattan, where Platia's body was recovered.  The New York County Medical Examiner's Office determined the cause of Platia's death to be gunshot wounds to the head, arm, and soft tissue of the chest.

Vitale provided information about these murders, and his information was used to indict both Bonanno family soldiers Richard Riccardi and Steven LoCurto.  Riccardi ultimately pled guilty to different charges, and LoCurto was convicted after trial (based in part on Vitale's testimony) for his role in the Platia murder.  Vitale also testified about the Capasio/Platia double murder at the <u>Massino</u> trial pursuant to the Court's admission of this evidence pursuant to Rule 404(b).

### 11.  <u>Murder of Gabriel Infanti (1987)</u>

In 1987, while incarcerated, Massino ordered the murder of Bonanno family member Gabriel Infanti.  Massino cited, among other reasons, Infanti's failures with respect to both the Bonventre and Capasio murders, as well as the fact that Infanti allegedly had been talking to law enforcement agents.  Massino again turned to Vitale to carry out the plan to kill Infanti. Infanti was shot and killed in a warehouse in Brooklyn.  His body was buried in Staten Island and has never been recovered.

Vitale pled guilty to the Infanti murder as part of his cooperation, and he testified about the details at the <u>Massino</u> trial.  The jury there found Massino guilty of the Infanti murder/murder conspiracy as a predicate act.  Further, Vitale's evidence with respect to the Infanti murder has been used to charge others including Bonanno family associate Louis Restivo for this crime.  They have pled guilty to various charges relating to their involvement in the Bonanno family, including acts involving murder, and each is currently incarcerated. Bonanno family captain Frank Lino was also involved in this murder, and he, too, has been prosecuted.

### 12.  Murder of Gerard Guarino (1989)

Bonanno family associate Gerard Guarino was murdered in January 1989 because he was suspected of cooperating with law enforcement authorities.  Vitale authorized Guarino's murder, and Bonanno family soldier Peter Rosa carried out that murder. Guarino's body was found in the trunk of his car with gunshot wounds to the head and other parts of his body.  Based on Vitale's information, one defendant has pleaded guilty to this crime.

### 13.  Murder of Anthony Tomasulo (1992)

Bonanno family associate Anthony Tomasulo was murdered as a result of a dispute over joker poker machines.  Vitale was involved in ordering Tomasulo's murder, and he provided detailed

information about it that led to the arrest of numerous others for this crime.  To date, several member of the Bonanno family, including Bonanno family acting boss/acting consigliere Anthony Urso, Bonanno family acting underboss Joseph Cammarano, Sr., and Bonanno family captains Michael Cardello and Louis Restivo have been charged, and each has pleaded guilty to this crime or other crimes.  Tomasulo's body was recovered in the rear seat of his car, wrapped in a body bag, on May 24, 1990.

### 14.  Murder of Russell Mauro (1991)

Bonanno family soldier Russell Mauro was shot and killed in 1991 in part because he was suspected of being involved in narcotics and, when he was not arrested, suspicion arose that he might be cooperating.  Mauro's body was discovered in a body bag in the trunk of a 1985 Lincoln vehicle, registered to Mauro's girlfriend, parked in front of 32-82 Street, Astoria, Queens.  At the time, Mauro's body was badly decomposed.

Vitale, who was involved in ordering Mauro's murder, provided a detailed account of Mauro's murder – a crime, like many discussed here, that was not actively under investigation until Vitale provided this information.  Six members of the Bonanno family were charged for this crime based in part on Vitale's information: James Tartaglione, Joseph DeSimone, Generoso Barbieri, Peter Cosoleto, John Palazzolo, and Michael Cardello.  All have pleaded guilty to various crimes relating to

30

the Bonanno family.

### 15. __Murder of Sammy DiFalco (1992)__

Bonanno family soldier Baldassare Amato orchestrated the murder of Bonanno family associate Sebastian "Sammy" DiFalco due to a business dispute; the two men worked together at the Giannini Restaurant. DiFalco's body was recovered from the trunk of his daughter's car in March 1992. He had disappeared several weeks earlier. He was shot twice in the back of the head. Vitale provided information that led to Amato's indictment for the conspiracy to murder, and murder, of DiFalco, and Vitale testified at the trial that resulted in Amato's conviction and ultimate life sentence by this Court. Specifically, Vitale testified that he had learned from Massino that Amato killed DiFalco because Amato believed that DiFalco was stealing from the Giannini restaurant.

### 16. __Murder of Robert Perrino (1992)__

Robert Perrino, a Bonanno associate, was murdered in May 1992. At the time of his murder, Perrino was the superintendent of deliveries at the New York Post. Members of the Bonanno family killed Perrino based on the fear that he might cooperate with law enforcement, particularly in regard to an investigation by the New York State Police into the Bonanno family's corrupt influence at the Post. Vitale, who both ordered Perrino's murder and pled guilty to it as a predicate act,

provided great detail about the murder and testified about it at various trials, including the trial of Bonanno family soldier Baldassare Amato and Bonanno family associate Anthony Basile, who were both convicted of this crime as a predicate act at trial. Several other members and associates of the Bonanno family pled guilty to the Perrino murder/murder conspiracy.

Vitale was a significant witness at the trial of Amato and Basile – who were tried together before this Court. Further, as discussed below in more detail, Vitale provided crucial information that led to the recovery of Perrino's remains more than a decade after his murder.

### 17.  Murder of Thomas and Rosemary Uva (1992)

Members of the Gambino family executed Thomas and Rosemary Uva on Christmas Eve in 1992. Prior to their murder, the Uvas had been involved in several robberies of *Cosa Nostra*-controlled social clubs – in what became known as the "Bonnie and Clyde" robberies. The Uvas were shot in the head and killed in their car on 103rd Avenue and 91st in Ozone Park, New York. In May 2005, Gambino family captain Dominick Pizzonia was indicted for racketeering-related crimes that included as predicate acts the double murder of Thomas and Rosemary Uva. On May 11, 2007, after a five-week trial, a jury sitting in the Eastern District of New York convicted Pizzonia of racketeering conspiracy and acquitted him on other charges. As to the charged predicate

32

acts, the jury found the conspiracy to murder the Uvas "proven," along with a second racketeering act for illegal gambling. Vitale was an important witness at Pizzonia's trial, at which he testified about the Uvas' murders.

### 18.  **Murder of Gerlando Sciascia (1999)**

Bonanno family captain Gerlando Sciascia was killed by members of the Bonanno family in 1999.  He was shot repeatedly and his body was dumped on a desolate street in the Bronx.  During the course of his cooperation, Vitale provided exacting details about the Sciascia murder – a crime that was not actively under investigation prior to Vitale's cooperation.  Vitale ultimately pled guilty to this crime, and his information was used to indict the other participants – including Massino, Bonanno family captain Patrick DeFilippo, and Bonanno family soldier Johnny Joe Spirito.  Each was convicted of various offenses relating to the Bonanno family, and each is currently incarcerated for those crimes.

### 19.  **Murder of William Cutolo (1999)**

Colombo family underboss William "Wild Bill" Cutolo was murdered by high-ranking members of the Colombo family in 1999, including Alphone Persico, the Colombo family acting boss, and Jackie DeRoss, a member of the Colombo family administration. Both defendants were tried for this crime and others in the Eastern District of New York, and Vitale was among the witnesses

33

at a retrial that resulted in the defendants' conviction on
murder in-aid-of racketeering and obstruction of justice charges
concerning the Cutolo murder.  Vitale testified that he and
Bonanno boss Joseph Massino met with Persico in the fall of 1999,
after learning that Cutolo had disappeared.  During the meeting,
Perisco tacitly admitted having Cutolo murdered because Cutolo
had tried to take control of the Colombo family.  Both Persico
and DeRoss were convicted after trial and both were sentenced to
life imprisonment.

### 20.  __Murder of Frank Santoro (2001)__

Bonanno family acting boss Vincent Basciano and
soldiers Dominick Cicale, Anthony Donato, and Bruno Indelicato –
among others – shot and killed Frank Santoro in February 2001.
At the time of the murder, Santoro was walking his dog.  He was
murdered based on Basciano's suspicion that Santoro might try to
kidnap one of Basciano's sons.  Several members of the Bonanno
family have now been held accountable for the Santoro murder,
including Basciano – against whom Vitale testified twice (at the
original trial and again at a second trial).

At trial, Vitale testified, in sum and substance, that
Bonanno family boss Joseph Massino told him that Basicano,
Indelicato, and a former corrections officer had been involved in
shooting a man in Basciano's neighborhood.  Indelicato ultimately
pled guilty to crimes charged in his prosecution and was

sentenced to a term of twenty years' imprisonment.  Donato likewise pleaded guilty to crimes concerning the Santoro murder and was sentenced to twenty-five years' imprisonment, served concurrently with his sentence on earlier racketeering charges that had included the attempted murder of David Nunez.

### B.   Search Warrants and Wiretaps

Vitale's information has also been used in various Title III affidavits and search warrants; some of this information is detailed below.

### 1.   Perrino Body Search

In December 2003, FBI Special Agents, Investigators from the New York State Police and Detectives from the New York City Police Department executed a search warrant in Staten Island and recovered Perrino's remains buried beneath a garage in a commercial "yard."  This search warrant was based in part on information from several cooperating witnesses, including Vitale, who were involved in the Perrino murder.  Investigators found Perrino's wallet in his pants pocket, which included various identification cards.  The New York County Medical Examiner's Office later identified the recovered remains as those of Perrino and identified the cause of death to be gunshot wounds to the head.  Detailed evidence relating to the recovery of Perrino's body was admitted at the trial of Bonanno family soldier Baldassare Amato and Anthony Basile – both of whom were convicted

for the Perrino murder as part of racketeering charges.

### 2.   **Three Captains Body Search**

In October 2004, FBI Special Agents recovered the remains of Bonanno family captains Philip Giaccone and Dominick Trinchera more than twenty years after their murder. Both had been murdered – together with Bonanno family captain Alphonse Indelicato – in May 1981. Vitale provided evidence that was used in the search warrant affidavit used to recover the remains of Giaccone and Trinchera. This evidence would have been used at the trial of Bonanno family soldier Vito Rizzuto, but Rizzuto pled guilty prior to trial.

### 3.   **Wiretaps**

Vitale's information also has been used in many Title III investigations. Vitale's information has proven important in various of these applications to identify the organized crime affiliations and positions of targets of those investigations, to describe the historical crimes in which those individuals have engaged, and to describe organized crime rules and structure pertaining to the wiretap applications.

To take one example among many, Vitale's information was used to intercept Bonanno family associate Anthony DeFilippo's cellular telephone. Evidence from this investigation was later used to charge DeFilippo, Bonanno family captain Louis DeCiccio, and Bonanno family associates Patrick Tarsio,

36

Christopher Merz and Anthony Vivelo with a variety of crimes. These defendants were arrested in February 2007 with fifteen other defendants, including Bonanno family acting underboss Nicholas Santoro, Bonanno family acting consigliere Anthony Rabito, Bonanno family captains or former captains Jerome Asaro and Joseph Cammarano, Jr., and Bonanno family soldiers Giacomo Bonventre, Michael Cassese, Paul Spina, and Michael Virtuoso, among others.

## II. Bonanno Organized Crime Family Prosecutions

The Bonanno family is a vast and violent criminal enterprise that has included at times more than 150 inducted members and thousands of criminal associates.  Each member of the Bonanno family takes an oath requiring him to commit acts of violence, including murder, upon the order of a superior. Bonanno family members and associates have engaged in brutal violence for more than seventy years and routinely engage in criminal activity ranging from financial fraud to extortion, arson, robbery, and murder.  They have perpetrated more than fifty murders, murder conspiracies, and attempted murders over the past thirty years alone.  Moreover, the Bonanno family has earned millions of dollars from its diverse and illicit activity, and its influence once reached from Wall Street to street corners in Brooklyn and Queens and the distribution department at the New York Post.

Vitale's cooperation has been instrumental in numerous prosecutions of members and associates of the Bonanno family as detailed below.  His information has led directly to the conviction of the last four bosses/acting bosses and many other high-ranking and violent leaders including Bonanno family boss Joseph Massino, Bonanno family acting boss and acting consigliere Anthony Urso, Bonanno family acting boss/boss Vincent Basicano, and Bonanno family acting boss Michael Mancuso.

**A.    United States v. Cosoleto/Massino,**
**et al., 02 CR 307 (NGG)**

Over the course of more than a year, the government indicted more than thirty members and associates of the Bonanno family in a series of superseding indictments, in what was ultimately captioned <u>United States v. Massino</u>, 02 CR 307 (NGG). Vitale himself was indicted as part of this case, and his ensuing cooperation was surely a factor in the guilty pleas of several violent defendants, including Bonanno family captain Robert Lino, acting captain Daniel Mongelli, and Bonanno family associate Ronald Filocomo, among others.  Each was involved in at least one murder on behalf of the Bonanno family, and each has received a substantial sentence from this Court.

One defendant from this prosecution proceeded to trial: Bonanno family boss Joseph Massino.  Vitale testified about every crime charged against Massino and several others admitted pursuant to Rule 404(b).  After a long trial, the jury returned

guilty verdicts as to each of those crimes.  Details as to both the pled defendants and the <u>Massino</u> trial are discussed below.

### 1.    **The Pled Defendants**

After Vitale's cooperation became known, the following defendants pled guilty: Bonanno family captain Robert Lino, Bonanno family acting captain Daniel Mongelli, and Bonanno family associate Ronald Filocomo.  Vitale was prepared to testify against each.  Below is a summary of the charges, guilty plea, and sentence as to each defendant.

### a.    **Robert Lino**

Robert Lino was an inducted member of the Bonanno family who later served as a captain.  At the time of his indictment in this prosecution, Lino was incarcerated on an underlying conviction from the Southern District of New York. Lino was indicted for racketeering conspiracy, which included as predicate acts the conspiracy to murder, and murder of, Bonanno family associate Louis Tuzzio and Bonanno family associate Robert Perrino, illegal gambling, and loansharking.  Lino was also charged with various substantive counts for these crimes.

On March 18, 2004, on the eve of trial, Lino pled guilty, pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure, to racketeering conspiracy, which included as predicate acts crimes related to the murders of Louis Tuzzio and Robert Perrino, loansharking, and illegal gambling.  Tuzzio, a

39

Bonanno family associate, was executed in January 1990 by members of the Bonanno family, including Lino, due to his involvement in shooting a relative of a high-ranking member of the Gambino family.  Perrino, who controlled the Bonanno family's operations at the <u>New York Post</u>, was killed due to the mere suspicion that he was cooperating with law enforcement.  Lino's plea agreement contained a stipulated Sentencing Guideline range of twenty-seven years' imprisonment – a sentence that the Court imposed on November 4, 2004.

### b.   **Daniel Mongelli**

Bonanno family acting captain Daniel Mongelli pled guilty on March 4, 2004 to racketeering conspiracy, which included predicate acts charging the conspiracy to murder, and murder of, Louis Tuzzio, loansharking, and illegal gambling. This Court sentenced Mongelli on March 11, 2005, to a term of twenty-four years' imprisonment, five years of supervised release, and a $100 special assessment.

### c.   **Ronald Filocomo**

Bonanno family associate Ronald Filocomo pled guilty on March 15, 2004 to racketeering conspiracy, which included predicate acts charging the conspiracy to murder, and murder of, Colombo family associate Michael "Mikey Bear" Aiello, the conspiracy to murder, and murder of, Bonanno family captain Dominick Napolitano, and illegal gambling.  As part of his plea

40

agreement, Filocomo also received "coverage" for his involvement in the conspiracy to murder, and murder of, Nelson Perez, the attempted murder of David Martinez, and the conspiracy to murder Robert Bearing.  Filocomo was sentenced on March 25, 2005 to twenty years in prison followed by five years of supervised release, and a $100 special assessment.

### 2.  **Massino Trial**

Bonanno family Joseph Massino was arrested with Vitale and others on January 9, 2003.  At the time of his arrest, Massino was the longstanding boss of the Bonanno family and the most powerful member of the mafia in the United States.  In a series of superseding indictments, Massino was charged with racketeering and racketeering conspiracy, which charged as predicates a wide array of crimes spanning more than three decades, including: arson, loansharking, money laundering, illegal gambling, extortion and murder, murder conspiracy, and attempted murder.  On July 30, 2004, after a twelve-week trial, an anonymous jury returned a guilty verdict against Massino, convicting him of each crime charged.  The jury also reached a verdict on the forfeiture allegations against Massino, returning a money judgment of more than $10,000,000 and ordering the forfeiture of two properties controlled by Massino.  Vitale was a crucial witness at Massino's trial given their longstanding association and the many crimes they had committed together.

41

Specifically, Massino was tried on for the following counts – and convicted of each one:

| Count | Description |
|---|---|
| 1 | Racketeering (Title 18, United States Code Section 1962(d)) |
| 2 | Racketeering Conspiracy (Title 18, United States Code Section 1962(c)) |
| 3 | Extortionate Collection of Credit Conspiracy (Title 18, United States Code, Section 894(a)(1)) |
| 4 | Extortionate Extension of Credit Conspiracy (Title 18, United States Code, Section 892(a)) |
| 5 | Illegal Gambling – Joker Poker Machines (Title 18, United States Code, Section 1955) |
| 6 | Illegal Gambling Conspiracy – Baccarat (Title 18, United States Code, Section 371) |
| 7 | Illegal Gambling – Baccarat (Title 18, United States Code, Section 1955) |
| 8 | Extortion of John Doe #1 and John Doe #2 (King Catering Extortion) (Title 18, United States Code, Sections 1951(a)) |
| 9 | Money Laundering Conspiracy (Title 18, United States Code, Sections 1956(h)) |
| 10 | Extortionate Extension of Credit – John Doe #2 (Peter Calabrese) (Title 18, United States Code, Sections 892(a)) |
| 11 | Collection of Extensions of Credit by Extortionate Means – John Doe #3 (Peter Calabrese) (Title 18, United States Code, Sections 894(a)(1)) |

As part of the Count One and Count Two racketeering and racketeering conspiracy charges, Massino was convicted of each of the twenty-five predicate acts charged as follows:

| Racketeering Act # | Description |
|---|---|
| 1a | Extortionate Extension of Credit Conspiracy (Title 18, United States Code, Section 892(a)) |
| 1b | Extortionate Collection of Credit Conspiracy (Title 18, United States Code, Section 894(a)) |
| 2a | Arson Conspiracy (New York Penal Law Sections 150.10 and 105.10) |
| 2b | Arson (New York Penal Law Sections 150.10 and 20.00) |
| 3 | Murder of Alphonse "Sonny Red" Indelicato (New York Penal Law Sections 125.25(1) and 20.00) |
| 4 | Murder of Philip "Phil Lukcy" Giaccone (New York Penal Law Sections 125.25(1) and 20.00) |
| 5 | Murder of Dominick "Big Trin" Trinchera (New York Penal Law Sections 125.25(1) and 20.00) |
| 6a | Conspiracy to Murder Dominick "Sonny Black" Napolitano (New York Penal Law Sections 125.25(1) and 105.15) |
| 6b | Murder of Dominick "Sonny Black" Napolitano (New York Penal Law Sections 125.25(1) and 20.00) |
| 7a | Conspiracy to Murder of Anthony Mirra (New York Penal Law Sections 125.25(1) and 105.15) |
| 7b | Murder of Anthony Mirra (New York Penal Law Sections 125.25(1) and 20.00) |
| 8a | Conspiracy to Murder Anthony Giliberti (New York Penal Law Sections 125.25(1) and 105.15) |
| 8b | Attempted Murder of Anthony Giliberti (New York Penal Law Sections 125.25(1), 110.00 and 20.00) |

43

| Racketeering Act # | Description |
|---|---|
| 9a | Conspiracy to Murder Cesare Bonventre (New York Penal Law Sections 125.25(1) and 105.15) |
| 9b | Murder of Cesar Bonventre (New York Penal Law Sections 125.25(1) and 20.00) |
| 10 | Illegal Gambling – Joker-Poker Machines (Title 18, United States Code, Sections 1955 and 2) |
| 11 | Illegal Gambling – Baccarat (Title 18, United States Code, Sections 1955 and 2) |
| 12a | Conspiracy to Murder Gabriel Infanti (New York Penal Law Sections 125.25(1) and 105.15) |
| 12b | Murder of Gabriel Infanti (New York Penal Law Sections 125.25(1) and 20.00) |
| 13 | Extortion Conspiracy – John Doe #1 and John Doe #2 (Title 18, United States Code, Section 1951(a)) |
| 14 | Money Laundering Conspiracy (Title 18, United States Code, Sections 1956(h)) |
| 15a | Illegal Gambling – Sports Betting (Federal Gambling Law) (Title 18, United States Code, Sections 1955) |
| 15b | Illegal Gambling – Sports Betting (State Gambling Law)(New York Penal Law Sections 225.10(1) and 20.00) |
| 16a | Extortionate Extension of Credit Conspiracy– John Doe #3 (Peter Calabrese) (Title 18, United States Code, Sections 892) |
| 16b | Extortionate Collection of Credit Conspiracy (Peter Calabrese)(Title 18, United States Code, Sections 894(a)(1)) |

In addition to convicting Massino of these crimes, the jury also returned a forfeiture judgment for $10,393,350, as well as the forfeiture of the Casablana Restaurant and Café Via Veneto.  As further discussed below, Massino was sentenced to multiple terms of life imprisonment for his trial conviction and

44

subsequent guilty plea to the Sciascia murder.

In the end, given his rank in both the Bonanno family, and *Cosa Nostra*, Massino's conviction was among the most important in organized crime in the last decade.

Vitale's cooperation and testimony was essential to Massino's conviction; indeed, it cannot be understated. Vitale testified for several days and provided a detailed chronology of Massino's rise to power in the Bonanno family, including his involvement in the seven charged murders (Indelicato, Giaccone, Trinchera, Napolitano, Mirra, Bonventre, and Infanti). Vitale's testimony was corroborated by other evidence and witnesses and clearly credited by the jury.

### B.   United States v. Basciano and DeFilippo, et al., 03 CR 929 (NGG) ("Basciano I")

Beginning in August 2003, a grand jury sitting in the Eastern District of New York returned a series of indictments and superseding indictments against Massino (for crimes other than those for which he was convicted at trial), Bonanno family acting boss Vincent Basciano, Bonanno family captain Patrick DeFilippo, and Bonanno family soldiers Anthony Donato, Anthony Frascone, Emanual Guaragna, and Johnny Joe Spirito (and others) principally charging racketeering conspiracy, murder, gambling, and extortion offenses. Ultimately, the charged conduct spanned the period from January 1979 to January 2005, and it included the conspiracy and attempted murder of David Nunez, the conspiracy to murder,

45

and murder of, Bonanno family captain Gerlando Sciascia, and the conspiracy to murder, and murder of, Frank Santoro.  Each of the charged defendants was convicted, seven by plea and two, Basciano and DeFilippo, after trial, as further discussed below.  Basciano was tried a second time after his first jury failed to convict him of certain charges.  At his second trial, he was convicted on all counts and charges.

As further detailed below, Vitale provided crucial evidence that led to the initial indictment in this case, and he ultimately testified at both trials.

### 1.  The Pled Defendants

Several defendants charged as part of this prosecution pled guilty prior to trial – notably, Bonanno family boss Joseph Massino and Bonanno family soldiers Anthony Donato, Anthony Frascone, Emanuel Guaragna, and Johnny Joe Spirito.  Vitale provided information that led to the indictment and conviction of these defendants.  For example, Vitale provided specific details about the Sciascia murder and the participation of Massino, Spirito, and others, in that crime, and their indictment and convictions were the direct result of his cooperation.  The details of the charges filed against each of these defendants and the resolution of their cases are set forth below.

a.   **Joseph Massino**

In June 2005, Massino, after his prior trial conviction, pled guilty before this Court to Count Nine, which charged the murder-in-aid of racketeering of Gerlando Sciascia, pursuant to Title 18, United States Code, Section 1959(a)(1).  As noted, Vitale provided the bulk of the information that led to Massino's indictment (and conviction) on the Sciascia murder.

As part of his plea agreement, Massino also agreed to forfeit the following: (1) the business known as 60th Lane Restaurant, Inc., d/b/a Casablanca Restaurant (and the premises and real property, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located at 66-15th Lane, Maspeth, New York); (2) the business known as Café Via Veneto (and the premises and real property, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located at 60-39 Fresh Pond Road, Maspeth, New York); (3) $7,672,581 in cash (i.e., $7,182,281 and $490,300 surrendered by the defendant Massino to the government); (4) 267 "gold bars" surrendered by the defendant Massino to the government (specifically 210 gold bars each weighing one ounce and 57 gold bars each weighing five ounces, all of which has a combined approximate market value of $267,000); and (5) the following substitute properties: (a) the premises and real property, together with its buildings, appurtenances,

47

improvements, fixtures, attachments, and easements located at 60-37 Fresh Pond Road, Maspeth, New York; and (b) the premises and real property, with its building, appurtenances, improvements, fixtures, attachments, and easements located at 58-23 68th Street, Maspeth, New York 11378.

Massino was sentenced at the same time for the Sciascia murder and for the charges as to which he was convicted at trial. On June 23, 2005, this Court sentenced Massino to two terms of life imprisonment – one for the crimes for which he was convicted at trial and a second for the Sciascia murder.  Massino is currently serving that sentence.

### b.   **Anthony Donato**

The defendant Anthony Donato pled guilty in this matter to racketeering conspiracy, which included as a predicate act the conspiracy to murder and attempted murder of David Nunez.  As further discussed below, he was subsequently indicted for his role in the murder of Frank Santoro – a crime also committed in furtherance of the affairs of the Bonanno family, and a crime for which Vitale also provided important evidence.

Donato was sentenced on December 16, 2008 – for both cases – to a term of twenty five years' imprisonment, three years of supervised release, and $300 special assessment.

48

### c.   __Anthony Frascone__

Anthony Frascone, also known as "Anthony Nicole," was a soldier in the Bonanno family.  He was indicted for his involvement in illegal gambling and was sentenced on January 19, 2005 by this Court to twelve months (and 1 day) in prison, three years of supervised release, and a $100 special assessment. Vitale was involved in the very same gambling operation for which Frascone was indicted and convicted, and he provided information relating to Frascone's association with and rank in the Bonanno family, which led to both his indictment and his guilty plea.

### d.   __Emanuel Guaragna__

On June 24, 2005, the defendant Guaragna, also a Bonanno family soldier, pled guilty to racketeering conspiracy, pursuant to Title 18, United States Code, Section 1962(d), which included predicate acts of loansharking.  He was sentenced by this Court on September 23, 2005 to twenty months' imprisonment, three years of supervised release, and a $100 special assessment. Vitale was also available to testify against Guaragna.

### e.   __Johnny Joe Spirito__

Johnny Joe Spirito, a soldier in the Bonanno family, pled guilty to racketeering conspiracy, which included predicate acts of illegal gambling-joker poker machines, illegal gambling-sports betting, and the conspiracy to murder Gerlando Sciascia (a crime for which Spirito earned induction into the

49

Bonanno family).  Prior to his conviction in this matter, Spirito had been arrested more than twenty times, including nine arrests involving violent felonies, thirteen arrests involving assaults or violence, and five arrests relating to weapons charges.  On three prior occasions, Spirito was arrested for attempted murder (1975, 1982, and 1985).

On December 20, 2005, this Court sentenced Spirito to a term of twenty years' imprisonment, three years of supervised release, and a $100 special assessment.  Vitale's information was essential to the investigation of the Sciascia murder, Spirito's indictment, and his guilty plea.

## 2.  **Trials**

Bonanno family acting boss Vincent Basciano and longstanding Bonanno family captain Patrick DeFilippo were convicted by juries in the Eastern District of New York for acts of murder, murder conspiracy, and murder solicitation committed over a twenty-five year period from the 1985 attempted murder of David Nunez to the 2001 brutal murder of Frank Santoro, who was shotgunned to death just steps from his home while walking his dog.  The jury reached no verdict as to DeFilippo's role in the 1999 murder of Bonanno family captain Gerlando Sciascia, although this crime was found to be relevant conduct at his sentencing. Basciano and DeFilippo were first tried in January 2006; Basciano was tried a second time in July 2007.  Vitale was a crucial

50

witness at both trials.

### a.   <u>Basciano and DeFilippo Trial</u>

Basciano and DeFilippo were tried beginning in January 2006, and after an eleven-week trial, convicted of various crimes on May 9, 2006.  The government elicited testimony from more than seventy witnesses and introduced more than three hundred exhibits at that trial.  An anonymous jury returned a guilty verdict against Basciano on the following crimes:

| Count | Charge | Verdict |
|-------|--------|---------|
| 1 | RICO Conspiracy (Title 18, United States Code, Section 1962(d)) | Guilty |
| 2 | Illegal Gambling – Joker-Poker Machines (Title 18, United States Code, Section 1955) | No Verdict |
| 11 | Extortionate Collection of Credit Conspiracy – Peter Calabrese (Title 18, United States Code, Section 894(a)) | Not Guilty |

As part of the Count One racketeering conspiracy, Basciano was charged with the following predicate acts that the jury resolved as follows:

| Racketeering Act # | Charge | Finding |
|--------------------|--------|---------|
| 1 | Illegal Gambling – Policy Operation (Title 18, United States Code, Sections 1955 and 2) | Proved |
| 2 | Illegal Gambling – Joker Poker Machines (Title 18, United States Code, Sections 1955 and 2) | Proved |

| Racketeering Act # | Charge | Finding |
|---|---|---|
| 3a | Conspiracy to Murder David Nunez (New York Penal Law Sections 125.25(1) and 105.15.) | Proved |
| 3b | Attempted Murder of David Nunez (New York Penal Law Sections 125.25(1), 110.00 and 20.00.) | Proved |
| 5 | Extortionate Extension of Credit - Generoso Barbieri (Title 18, United States Code, Sections 892(a) and 2.) | Not Proved |
| 6 | Extortionate Extension of Credit - John Palazzolo (Title 18, United States Code, Sections 892(a) and 2) | Not Proved |
| 11 | Conspiracy to Murder and Murder of Frank Santoro (New York Penal Law Sections 125.25(1) and 105.15 and New York Penal Law Sections 125.25(1) and 20.00) | No Verdict |
| 12 | Solicitation to Murder - Dominick "Donnie" Martino (New York Penal Law Section 125.25(1) and New York Penal Law Sections 100.10 and 20.00.) | No Verdict |
| 13 | Extortionate Collection of Credit Conspiracy - Peter Calabrese (Title 18, United States Code, Section 894(a)(1)) | Not Proved |

The jury did not reach a verdict on two of the murder-related predicates, although the jurors had voted 11:1 in favor of conviction. The court ordered forfeiture against Basciano in the amount of $5,400,000. As a result of this trial and a retrial on certain charges discussed below, Basciano was sentenced to a term of life imprisonment, with concurrent terms

of five years of supervised release, and forfeiture in the amount of $5,400,000.  Basciano is currently incarcerated.[3]

The jury convicted DeFilippo of the following crimes:

| Count | Charge | Result |
|-------|--------|--------|
| 1 | RICO Conspiracy (Title 18, United States Code, Section 1962(d)) | Guilty |
| 2 | Illegal Gambling – Joker-Poker Machines (Title 18, United States Code, Section 1955) | Guilty |
| 3 | Illegal Gambling Conspiracy – Bookmaking (Title 18, United States Code, Section 371) | Guilty |
| 4 | Illegal Gambling – Bookmaking (Title 18, United States Code, Section 1955) | Guilty |
| 5 | Extortionate Collection of Credit Conspiracy (Title 18, United States Code, Sections 1955) | Guilty |
| 6 | Extortionate Collection of Credit – Frank Giannini (Title 18, United States Code, Sections 894(a)(1)) | Not Guilty |
| 7 | Extortionate Collection of Credit – Andrew LNU (Title 18, United States Code, Sections 894(a)(1)) | Not Guilty |
| 8 | Murder-in-aid-of Racketeering – Gerlando Sciascia (Title 18, United States Code, Sections 1959(a)(1)) | No Verdict |
| 9 | Conspiracy to Murder-in-aid-of Racketeering – Gerlando Sciascia (Title 18, United States Code, Sections 1959(a)(5)) | No Verdict |
| 10 | Use of a Firearm During Crimes of Violence (Title 18, United States Code, Sections 924(c)(1)(A)(iii)) | No Verdict |

---

[3]    Basiano is also awaiting trial on a separate capital case, United States v. Vincent Basciano, 05 CR 060 (NGG) (E.D.N.Y.).

As part of the Count One racketeering conspiracy, DeFilippo was charged with the following predicate racketeering acts that the jury resolved as follows:

| Racketeering Act # | Charge | Result |
|---|---|---|
| 2 | Illegal Gambling – Joker Poker Machines (Title 18, United States Code, Section 1955) | Proved |
| 3a | Conspiracy to Murder David Nunez (New York Penal Law Sections 125.25(1) and 105.15) | Proved |
| 3b | Attempted Murder of David Nunez (New York Penal Law Sections 125.25(1), 110.00 and 20.00) | Proved |
| 4a | Illegal Gambling – Bookmaking (Title 18, United States Code, Sections 1955 and 2) | Proved |
| 4b | Illegal Gambling – Bookmaking (New York Penal Law Sections 225.10(1) and 20.00) | Proved |
| 7 | Extortionate Collection of Credit Conspiracy (Title 18, United States Code, Section 894(a)(1)) | Proved |
| 8 | Extortionate Collection of Credit (Title 18, United States Code, Section 894(a)(1)) | Not Proved |
| 9 | Extortionate Collection of Credit – Andrew LNU (Title 18, United States Code, Section 894(a)(1)) | Not Proved |
| 10a | Conspiracy to Murder – Gerlando Sciascia (New York Penal Law Sections 125.25(1) and 105.15.) | No Verdict |
| 10b | Murder of Gerlando Sciascia (New York Penal Law Sections 125.25(1) and 20.00.) | No Verdict |

As noted above, the jury did not acquit the defendant DeFilippo of the Sciascia murder or otherwise acknowledge that the government failed to prove an essential element of the offense beyond a reasonable doubt.  Rather, the jury was unable to unanimously decide whether the government had proven or not proven the defendant's guilt as to the Sciascia murder and, based on the note produced by the jury on May 9, 2006 marked as Court Exhibit 34, eleven jurors apparently found the defendant to be guilty of both the Sciascia murder racketeering act and the murder-in-aid-of racketeering of Sciascia.  DeFilippo was sentenced on March 14, 2007 principally to a term of forty years' imprisonment.

At trial, Vitale provided crucial testimony about the role and association of both defendants in the Bonanno family, and their roles in several of the charged acts, including the Nunez attempted murder, the Sciascia and Santoro murders, and the loansharking and illegal gambling predicates.

### b.   <u>Basciano Retrial</u>

Basciano was retried on those charges upon which the first jury could not reach a verdict, as well as on additional charges in superseding indictment S-8.  On July 31, 2007, a jury rendered a verdict convicting Basciano of all counts in 03 CR 929 (S-8), including racketeering – with predicate acts of murdering

55

and conspiring to murder Frank Santoro, soliciting the murder of Salvatore Vitale, soliciting the murder of Dominick Martino, conspiring to distribute marijuana, and two forms of illegal gambling (sports betting and an illegal lottery) – and substantive counts including marijuana distribution conspiracy and three forms of illegal gambling (sports betting, an illegal lottery, and joker poker machines).  The verdicts are summarized below:

| Count | Charge | Verdict |
|-------|--------|---------|
| 1 | Racketeering (Title 18, United States Code, Section 1962(c)) | Guilty |
| 2 | Illegal Gambling – Joker Poker (Title 18, United States Code, Section 1955) | Guilty |
| 3 | Marijuana Distribution Conspiracy (Title 21, United States Code, Section 846) | Guilty |
| 4 | Illegal Gambling - Lottery (Title 18, United States Code, Section 1955) | Guilty |
| 5 | Illegal Gambling - Sports Betting (Title 18, United States Code, Section 1955) | Guilty |

As part of the Count One racketeering charge, Basciano was charged in the following predicate racketeering acts that the jury resolved as follows:

56

| Racketeering Act # | Charge | Finding |
|---|---|---|
| 1a | Conspiracy to murder – Frank Santoro (New York Penal Law Sections 125.25(1) and 105.15) | Proved |
| 1b | Murder of Frank Santoro (New York Penal Law Sections 125.25(1) and 20.00) | Proved |
| 2 | Solicitation of murder – Salvatore Vitale (New York Penal Law Sections 125.25(1), 100.00 and 20.00) | Proved |
| 3 | Solicitation of murder – Dominick "Donnie" Martino (New York Penal Law Sections 125.25(1), 100.00 and 20.00) | Proved[4] |
| 4 | Conspiracy to Distribute Marijuana (Title 21, United States Code, Section 846) | Proved |
| 5 | Illegal Gambling – Lottery (Title 18, United States Code, Section 1955) | Proved |
| 6a | Illegal Gambling – Sports Betting (Title 18, United States Code, Section 1955) | Proved |
| 6b | Illegal Gambling – Sports Betting (New York Penal Law Sections 225.10(1) and 20.00) | |

As in the first trial, Vitale was an important witness who provided details of Basciano's involvement in several of the most significant charged crimes.  On March 31, 2008, Basciano was

---

[4]     The jury returned a special verdict indicating it found both that Joseph Massino was a person solicited by Basciano to murder Dominick Martino and that Cicale was a person solicited by Basciano to murder Dominick Martino.

sentenced to life imprisonment, five years supervised release,
and a $600 special assessment, and was ordered to comply with the
Court's forfeiture order.

   **C.   United States v. Urso, et al.,**
        **03 CR 1382 (NGG)**

        On January 15, 2004, a grand jury sitting in the
Eastern District of New York returned a twenty-count superseding
indictment charging twenty-eight defendants in United States v.
Urso, et al., 03 CR 1382 (NGG).  The Urso prosecution charged
each active member of the Bonanno family administration then at
liberty and virtually every criminal supervisor in that
enterprise.  In total, twenty-eight members and associates of the
Bonanno family were indicted for more than fifty different
criminal acts, including sixteen murders, murder conspiracies,
and attempted murders.  To date, every indicted defendant has
either pled guilty or been convicted after trial, including the
acting boss/acting consigliere, the acting underboss, eight
present or former captains or acting captains, thirteen soldiers,
including the most powerful member of the mafia in Canada, and
four associates.  Twenty-four defendants were charged with
racketeering conspiracy, which included predicate acts of
attempted murder, murder conspiracy, murder, illegal gambling,
extortion, loansharking, narcotics trafficking, robbery
conspiracy, and mail fraud.  The Urso prosecution likely stands

as the most significant prosecution in a single organized crime family – and Salvatore Vitale was among the most crucial witnesses who provided information leading to the indictment and conviction of these defendants.

The Bonanno family has thrived on violence for decades, a fact revealed over and again by the Urso investigation.  The charged crimes – largely unsolved prior to the indictment in this matter – vividly demonstrated the systematic violence carried out by the Bonanno family.  Those crimes included the attempted murder of Anthony Coglitore, who was gunned down in his driveway in 1978 due to suspicion that he was involved in an attempted murder of a Bonanno family soldier; the May 1981 triple murder of Bonanno captains Alphonse "Sonny Red" Indelicato, Philip "Phil Lucky" Giaccone, and Dominick "Big Trin" Trinchera; the August 1981 murder of Bonanno family captain Dominick "Sonny Black" Napolitano due to his role in introducing FBI undercover agent Joseph Pistone ("Donnie Brasco") into the Bonanno family; the November 1983 murder of Enrico Mazzeo, a former deputy commissioner of the New York City Marine and Aviation Department, killed because the Bonanno family feared he might cooperate with law enforcement; the April 1984 murder of Bonanno family captain Cesare Bonventre, whose mutilated body was stuffed into steel barrels in a warehouse in  New Jersey; the May 1986 double murder of Robert Capasio and Joseph Platia; the 1987

59

murder of Bonanno family captain Gabriel Infanti, whose body was never recovered; the January 1990 murder of Bonanno family associate Louis Tuzzio due to his involvement in shooting a relative of a high ranking member of the Gambino family; the May 1990 murder of Bonanno family associate Anthony Tomasulo due to his refusal to pay gambling proceeds; the May 1991 murder of Bonanno family soldier Russell Mauro, whose body was left in a body bag in the trunk of a parked car; the March 1992 murder of Sebastian DiFalco, who was killed by gunshot wounds to the head and brain; and the April 1992 murder of Robert Perrino, who, while controlling the Bonanno family's operations at the <u>New York Post</u>, was killed due to mere suspicions that he was cooperating with law enforcement.  These murders, and others, preserved and protected the Bonanno family's various illegal "rackets" – from gambling and narcotics operations to extortions, loansharking, robberies, and other fraud schemes.

A summary of the charged crimes is included below.

| Count | Charge | Defendants |
|-------|--------|------------|
| 1 | Racketeering Conspiracy (Title 18, United States Code, Section 1962(d)) | Anthony Urso<br>Joseph Cammarano<br>Louis Attanasio<br>Peter Calabrese<br>Joseph DeSimone<br>Robert Attanasio<br>Generoso Barbieri<br>Anthony Furino<br>Michael Cardello<br>Louis Restivo<br>Sandro Aiosa<br>Baldassare Amato<br>Peter Cosoleto<br>Joseph DiStefano<br>Stephen LoCurto<br>Philip Navarra<br>John Palazzolo<br>Richard Riccardi<br>Vito Rizzuto<br>Joseph Sabella<br>Joseph Torre<br>Frank Ambrosino<br>Anthony Basile<br>Patrick Romanello |
| 2 | Extortionate Extension of Credit Conspiracy (January 1980 - December 2000) (Title 18, United States Code, Sections 892(a)) | Louis Attanasio |
| 3 | Extortionate Collection of Credit Conspiracy (January 1980 - December 2000) (Title 18, United States Code, Sections 894(a)(1)) | Louis Attanasio<br>Robert Attanasio |
| 4 | Illegal Gambling – Joker-Poker Machines (January 1988 - December 2002) (Title 18, United States Code, Section 1955) | Anthony Urso<br>Joseph Cammarano<br>Generoso Barbieri<br>Louis Restivo<br>Sandro Aiosa<br>Baldassare Amato<br>Anthony Navarra<br>Philip Navarra |

61

| Count | Charge | Defendants |
|-------|--------|------------|
| 5 | Illegal Gambling Conspiracy – Baccarat (January 1990 - January 2003) (Title 18, United States Code, Section 371) | Louis Restivo<br>Sandro Aiosa<br>Baldassare Amato<br>Philip Navarra<br>Michele Sottile |
| 6 | Illegal Gambling – Baccarat (January 1990 - January 2003)(Title 18, United States Code, Section 1955) | Louis Restivo<br>Sandro Aiosa<br>Baldassare Amato<br>Philip Navarra<br>Michele Sottile |
| 7 | Extortionate Collection of Credit Conspiracy  (January 1991 - December 1999) (Title 18, United States Code, Section 894(a)(1)) | Joseph Cammarano<br>Joseph DeSimone |
| 8 | Extortionate Collection of Credit Conspiracy  (January 1994 - January 2003) (Title 18, United States Code, Section 894(a)(1)) | Anthony Furino |
| 9 | Extortionate Collection of Credit/John Doe #9 (January 1995 - January 2003) (Title 18, United States Code, Section 894(a)(1)) | Joseph Cammarano<br>Joseph DeSimone |
| 10 | Extortionate Extensions of Credit (January 1997 - December 2003)(Title 18, United States Code, Section 892(a)) | Peter Calabrese |
| 11 | Extortionate Collection of Credit/John Doe #8  (January 1999 - October 2003) (Title 18, United States Code, Section 894(a)(1)) | Anthony Furino |
| 12 | Extortionate Collection of Credit/John Doe #12 (January 1999 - October 2003) (Title 18, United States Code, Section 894(a)(1)) | Anthony Furino |
| 13 | Extortionate Extension of Credit Conspiracy (January 1999 - November 2002) (Title 18, United States Code, Section 892(a)) | Gino Galestro |

| Count | Charge | Defendants |
|-------|--------|------------|
| 14 | Felon-in-Possession (January 2001 - January 2002) (Title 18, United States Code, Sections 922(g)(1), 924(a)(2)) | Joseph Torre |
| 15 | Extortionate Extension of Credit (January 2002 - December 2003) (Title 18, United States Code, Section 892(a)) | Anthony Basile |
| 16 | Extortionate Collection of Credit (January 2002 - December 2003) (Title 18, United States Code, Section 894(a)(1)) | Anthony Basile |
| 17 | Extortionate Extension of Credit Conspiracy/John Doe #13 (February 2002 - September 2002) (Title 18, United States Code, Section 892(a)) | Joseph Sabella |
| 18 | Extortionate Collection of Credit Conspiracy/John Doe #13 (February 2002 - September 2002) (Title 18, United States Code, Section 894(a)(1)) | Joseph Sabella |
| 19 | Mail Fraud Conspiracy (July 2003 - October 2003) (Title 18, United States Code, Section 371) | Joseph DeSimone Robert Angerome |
| 20 | Mail Fraud  (July 2003 - October 2003) (Title 18, United States Code, Section 1341) | Joseph DeSimone Robert Angerome |

63

As part of the Count One racketeering conspiracy, these defendants were charged with the following fifty predicate acts detailed below.

| Racketeering Act # | Crime | Defendants |
|---|---|---|
| 1 | Murder Conspiracy/Attempted Murder of Anthony Coglitore (1979) (New York Penal Law Sections 125.25(1), 105.15, 20.00 and 110.00) | John Palazzolo |
| 2 | Loansharking (1980-1995)(Title 18, United States Code, Sections 892(a) and 894(a)(1)) | John Palazzolo |
| 3 | Loansharking (1980-2000) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis Attanasio Robert Attanasio |
| 4 | Extortionate Extensions of Credit/Collection of Extensions of Credit by Extortionate Means from John Doe #1 (1980-1985) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis Attanasio |
| 5 | Murder Conspiracy of Alphonse "Sonny Red" Indelicato, Philip "Phil Lucky" Giaccone and Dominick Trinchera and Murder of Alphonse "Sonny Red" Indelicato (1981) (New York Penal Law Sections 125.25 (1), 105.15, 20.00 and 110.00.) | Vito Rizzuto |
| 6 | Murder of Philip "Phil Lucky" Giaccone (1981) (New York Penal Law Sections 125.25(1) and 20.00) | Vito Rizzuto |
| 7 | Murder of Dominick "Big Trin" Trinchera (1981) (New York Penal Law Sections 125.25(1) and 20.00) | Vito Rizzuto |

| Racketeering Act # | Crime | Defendants |
|---|---|---|
| 8 | Murder of Dominick "Sonny Black" Napolitano (1981) (New York Penal Law Sections 125.25(1) and 20.00) | Richard Riccardi |
| 9 | Murder/Murder Conspiracy of Enrico Mazzeo (1982) (New York Penal Law Sections 125.25 (1), 105.15, 20.00 and 110.00) | Patrick Romanello |
| 10 | Murder/Murder Conspiracy of Cesare Bonventre (1984) (New York Penal Law Sections 125.25 (1), 105.15, 20.00 and 110.00) | Peter Calabrese Robert Attanasio Louis Attanasio |
| 11 | Illegal Gambling – Policy Operation (1985-1995) (Title 18, United States Code, Section 1955) | Louis Attanasio Robert Attanasio Peter Calabrese |
| 12 | Loansharking Conspiracy (1986-2003) (Title 18, United States Code, Section 894(a)(1)) | Anthony Furino Anthony Urso |
| 13 | Murder/Murder Conspiracy of Robert Capasio (1986) (New York Penal Law Sections 125.25 (1), 105.15, 20.00 and 110.00) | Richard Riccardi |
| 14 | Murder/Murder Conspiracy of Joseph Platia (1986) (New York Penal Law Sections 125.25(1), 105.15, 20.00 and 110.00) | Stephen LoCurto |
| 15 | Murder/Murder Conspiracy of Gabriel Infanti (1987) (New York Penal Law Sections 125.25(1), 105.15, 20.00 and 110.00) | Michael Cardello Louis Restivo |
| 16 | Extortion of F&M Concrete (1987-1992) (Title 18, United States Code, Section 1951(a)) | Louis Restivo |

65

| Racketeering Act # | Crime | Defendants |
|---|---|---|
| 17 | Extortionate Extensions of Credit/Collection of Extensions of Credit by Extortionate Means from John Doe #2 (1987-1992) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis Attanasio |
| 18 | Collection of Extensions of Credit by Extortionate Means from John Doe #3 (1987-1995) (Title 18, United States Code, Section 894(a)(1)) | Generoso Barbieri |
| 19 | Collection of Extensions of Credit by Extortionate Means from John Doe #4 (1987-1995) (Title 18, United States Code, Section 894(a)(1)) | Generoso Barbieri |
| 20 | Collection of Extensions of Credit by Extortionate Means from John Doe #5 (1987-1995) (Title 18, United States Code, Section 894(a)(1)) | Generoso Barbieri |
| 21 | Extortionate Extensions of Credit/Collection of Extensions of Credit by Extortionate Means from John Doe #6 (1988-1992) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis Attanasio |
| 22 | Joker Poker Machines (1988-2002) (Title 18, United States Code, Section 1955) | Baldassare Amato Generoso Barbieri Sandro Aiosa Joseph Cammarano Philip Navarro Louis Restivo Anthony Urso |
| 23 | Murder/Murder Conspiracy of Louis Tuzzio (1990) (New York Penal Law Sections 125.25(1), 105.15, 20.00 and 110.00) | Patrick Romanello Frank Ambrosino |

66

| Racketeering Act # | Crime | Defendants |
|---|---|---|
| 24 | Extortion of Wall Street Disco (1990-2002)(Title 18, United States Code, Section 1951(a)) | Joseph DiStefano |
| 25 | Murder/Murder Conspiracy of Anthony Tomasulo (1990) (New York Penal Law Sections 125.25 (1), 105.15, 20.00 and 110.00) | Joseph Cammarano Michael Cardello Louis Restivo Anthony Urso |
| 26 | Illegal Gambling – Baccarat (1990-2003) (Title 18, United States Code, Section 1955) | Sandro Aiosa Baldassare Amato Philip Navarro Louis Restivo |
| 27 | Marijuana Distr. Conspiracy (1990-1993) (Title 21, United States Code, Sections 841(a)(1) and 846) | Anthony Basile |
| 28 | Murder/Murder Conspiracy of Russell Mauro (1991) (New York Penal Law Sections 125.25 (1), 105.15, 20.00 and 110.00) | Joseph DeSimone Generoso Barbieri Peter Cosoleto John Palazzolo Michael Cardello |
| 29 | Marijuana Distr. Conspiracy (1991-1999) (Title 21, United States Code, Sections 841(a)(1) and 846) | Peter Cosoleto |
| 30 | Marijuana Distr. Conspiracy (1991-1999) (Title 21, United States Code, Sections 841(a)(1) and 846) | Stephen LoCurto |
| 31 | Loansharking (1991-1999) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Joseph Cammarano Joseph DeSimone Michael Cardello |
| 32 | Murder/Murder Conspiracy Sebastian "Sammy" DiFalco (1992) (New York Penal Law Sections 125.25 (1), 105.15, 20.00 and 110.00) | Baldassare Amato |

| Racketeering Act # | Crime | Defendants |
|---|---|---|
| 33 | Murder/Murder Conspiracy Robert Perrino (1992) (New York Penal Law Sections 125.25 (1), 105.15, 20.00 and 110.00) | Frank Ambrosino Baldassare Amato Anthony Basile Michael Cardello |
| 34 | Collection of Extensions of Credit by Extortionate Means from John Doe #7 (1993-1994) (Title 18, United States Code, Section 894(a)(1)) | Michael Cardello |
| 35 | Collection of Extensions of Credit by Extortionate Means from John Doe #8 (1994-2003) (Title 18, United States Code, Section 894(a)(1)) | Anthony Furino |
| 36 | Collection of Extensions of Credit by Extortionate Means from John Doe #3 (1995) (Title 18, United States Code, Section 894(a)(1)) | Generoso Barbieri |
| 37 | Extortion of Bistro Restaurant (1995-2002) (Title 18, United States Code, Section 1951(a)) | Joseph Sabella Joseph Torre |
| 38 | Loansharking (1995-1999) (Title 18, United States Code, Sections 892 and 894(a)(1)) | Joseph Cammarano |
| 39 | Collection of Extensions of Credit by Extortionate Means from John Doe #9 (1995-2003) (Title 18, United States Code, Section 894(a)(1)) | Joseph Cammarano Joseph DeSimone |
| 40 | Extortion of John Doe #10 (1996-2002) (Title 18, United States Code, Section 1951(a)) | Joseph Sabella Joseph Torre |
| 41 | Loansharking (1997-2003) (Title 18, United States Code, Sections 892 and 894(a)(1)) | Peter Calabrese |

| Racketeering Act # | Crime | Defendants |
|---|---|---|
| 42 | Extortionate Extension of Credit Conspiracy (1997-2003) (Title 18, United States Code, Section 892) | Joseph Torre |
| 43 | Robbery Conspiracy of Café Vienna (1997) (Title 18, United States Code, Section 1951(a)) | Baldassare Amato |
| 44 | Collection of Extensions of Credit by Extortionate Means from John Doe #11 (1998-2003) (Title 18, United States Code, Section 1951(a)) | Joseph DiStefano Anthony Urso Philip Navarra |
| 45 | Collection of Extensions of Credit by Extortionate Means from John Doe #12 (1999-2003) (Title 18, United States Code, Section 894(a)(1)) | Anthony Furino |
| 46 | Conspiracy to Distribute Ecstacy (1999) (Title 21, United States Code, Sections 841(a)(1) and 846) | Stephen LoCurto |
| 47 | Extortion of Catering Business - John Doe #16 (1998-2003) (Title 18, United States Code, Section 1951(a)) | Stephen LoCurto |
| 48 | Loansharking (2002-2003) (Title 18, United States Code, Sections 892 and 894(a)(1)) | Anthony Basile |
| 49 | Loansharking Conspiracy - John Doe #17 (2002) (Title 18, United States Code, Sections 892 and 894(a)(1)) | Joseph Sabella |
| 50 | Mail Fraud (2003) (Title 18, United States Code, Section 1341) | Joseph DeSimone |

As further discussed below, Vitale provided evidence about virtually every crime charged in the <u>Urso</u> prosecution – and about all of the most serious crimes.

1.   **The Pled Defendants**

The compelling evidence gathered during the <u>Urso</u> investigation, including the availability of Vitale as a witness, ultimately led to guilty pleas by twenty-five defendants, which included substantial sentences for Bonanno family acting boss and acting consigliere Anthony Urso and Bonanno family acting underboss Joseph Cammarano, as well as substantial pleas for others, detailed below.

a.   **Anthony Urso**

At the time of his arrest, Anthony Urso was a longstanding member and captain in the Bonanno family who served as the acting boss and acting consigliere.  Vitale provided information as to Urso's membership in the Bonanno family and his involvement in specific crimes, including crimes of violence, like the conspiracy to murder, and murder of, Anthony Tomasulo. Urso was involved in bringing Tomasulo to the location where he was ultimately murdered.  Further, during the course of the government's investigation, Urso was recorded advocating the murder of family members of cooperating witnesses.  On February 11, 2005, Urso pled guilty to racketeering conspiracy, which

included predicate acts of loansharking, illegal gambling through
the use of joker-poker machines, the conspiracy to murder, and
murder of, Anthony Tomasulo, and extortion.  The Court sentenced
Urso to a term of twenty years' imprisonment, three years'
supervised release, and a $100 special assessment, pursuant to
the term of his plea agreement which was entered pursuant to
Federal Rule of Criminal Procedure 11(c)(1)(B).  Vitale's
cooperation was crucial to Urso' indictment and conviction, and
Vitale was available to testify had Urso proceeded to trial.

### b. **Joseph Cammarano**

At the time of his arrest, Joseph Cammarano was a
longtime captain and the current acting underboss of the Bonanno
family.  He was charged in the Count One racketeering conspiracy,
which included racketeering acts of illegal gambling,
loansharking, and murder/murder conspiracy.  In particular,
Cammarano was charged with the 1990 conspiracy to murder, and
murder of, Bonanno family associate Anthony Tomasulo.  Vitale
provided information that led to Cammarano's indictment, and he
was available to testify at this trial.  As discussed above,
Tomasulo was murdered because he did not share the profits of his
father's lucrative joker-poker machine business with other
members of the Bonanno family after his father's death.  On May
24, 1990, Anthony Tomasulo's body was found in the rear seat of
his car.

On February 11, 2005, Cammarano pled guilty to the conspiracy to murder Anthony Tomasulo in-aid-of racketeering and another count of illegal gambling.  On May 20, 2005, this Court sentenced Cammarano to a term of fifteen years' imprisonment (the maximum term available under the applicable statutes), three years of supervised release, and a $200 special assessment.

### c.  Louis Attanasio

Louis Attanasio was a longtime member of the Bonanno family who held a series of high-ranking positions and who served a series of prison terms, some for violations of his supervised release.  He previously served as both a captain in the Bonanno family and the acting underboss.  Attanasio was arrested on twelve occasions from 1961 to 1996 for crimes including assault, criminal possession of a deadly weapon, tax charges, forgery, possession of a forged instrument, filing a false instrument, and loansharking.

In the instant prosecution, Attanasio was indicted for racketeering conspiracy that included predicate acts charging loansharking, illegal gambling, and the conspiracy to murder, and murder of, Caesar Bonventre.  With respect to the Bonventre murder, Attanasio served as the shooter.  Bonventre's body was found mutilated on April 16, 1984, stuffed in steel barrels in a warehouse in New Jersey.  After the murder, Attanasio took over as the captain of Bonventre's crew.  Vitale, a participant in the

Bonventre murder, provided an eyewitness account of Attanasio's involvement in that murder and other crimes, and provided vital information that led to Attanasio's indictment.

Attanasio pled guilty in August 2006 (including for crimes related to the Bonventre murder) and he was sentenced by this Court to a term of fifteen years' imprisonment, three years of supervised release, and a $100 special assessment.

### d.   Peter Calabrese

At the time of his arrest, Peter Calabrese was a longtime soldier and then-captain in the Bonanno family and a member of the Bonanno family's "ruling panel."  He was indicted for racketeering conspiracy, which included the following predicate acts: illegal gambling, murder/murder conspiracy, and loansharking.  He was also charged with substantive counts. Calabrese had been previously arrested as well: his criminal history dated back to 1972, when he was first arrested for possession of a forged instrument and "criminal simulation." Calabrese had also been arrested in 1980, 1981, and 1987, for a series of gambling and loansharking offenses.

Vitale provided substantial evidence that led to Calabrese's indictment, and Vitale was available to testify.  On August 17, 2006, Calabrese pled guilty to racketeering offenses, which included the conspiracy to murder Bonventre, and he was

73

ultimately sentenced on September 20, 2006 by this Court to a term of fifteen years' imprisonment, three years of supervised release, and a $100 special assessment.

### e.  Joseph DeSimone

Joseph DeSimone was a longtime member and a captain in the Bonanno family.  He was charged with racketeering conspiracy, which included predicate acts involving murder and murder conspiracy, loansharking, and mail fraud.  With respect to the murder predicate, DeSimone was charged in the 1991 murder of Bonanno family soldier Russell Mauro.  DeSimone was one of two designated shooters in the Mauro murder, and as part of his plea agreement, he stipulated to his role in the murder.  He was also charged with substantive counts of loansharking, mail fraud conspiracy and mail fraud.

DeSimone had a history of firearms violations and federal felony convictions and a lengthy criminal record. DeSimone was previously arrested in 1975 (extortionate collection of credit, for which he received a sentence of seven years' incarceration), 1979 (convicted of conspiracy to possess with intent to distribute narcotics, for which he received a sentence of seven years incarceration), and 1994 (pled guilty to conspiracy to engage in racketeering activity through the collection of unlawful debts, in which the charged racketeering

74

enterprise was the Bonanno family).

Vitale provided information that led directly to DeSimone's indictment.  On April 28, 2006, DeSimone pled guilty to the conspiracy to murder Russell Mauro in-aid-of racketeering and to a separate count of the transmission of gambling information.  He was sentenced, as agreed upon by the parties and accepted by the Court, principally to a term of twelve years' imprisonment.

### f.  **Robert Attanasio**

At the time of his indictment, Robert Attanasio was a soldier in the Bonanno family who also served as an acting captain.  He was also a convicted felon, with two prior arrests, first in December 1972 for the transportation of obscene films and again in June 1987 for filing a false tax return.  Attanasio was convicted on the 1987 tax charges and sentenced to a term of imprisonment.  Attanasio was charged here with racketeering conspiracy, which included predicate acts for loansharking, illegal gambling, and the conspiracy to murder, and murder of, Bonanno family captain Caesar Bonventre.  He was also charged with a substantive count of extortionate collection of credit conspiracy.

Vitale provided crucial evidence with respect to Attanasio's association with and position in the Bonanno family,

as well as Attanasio's involvement in the charge crimes,
including the Bonventre murder and murder conspiracy.  On
September 20, 2006, Attanasio pled guilty to racketeering and
racketeering conspiracy, which included as predicate acts the
conspiracy to murder Bonventre and illegal gambling (policy
operation) and he was sentenced pursuant to the terms of his Rule
11(c)(1)(c) plea, on December 8, 2006, to the agreed-upon
sentence of ten years' imprisonment, three years of supervised
release, and a $200 special assessment.

### g.   Anthony Furino

Anthony Furino, also known as "Anthony Black," was a
member of the Bonanno family who also served as a captain.
Furino was indicted for racketeering conspiracy which included
loansharking and illegal gambling predicates.  He pled guilty on
October 22, 2007 to racketeering conspiracy, which included
predicate acts charging extortionate collections of credit.
Furino was sentenced on May 13, 2005, to twenty-four months'
imprisonment, three years of supervised release, and a $100
special assessment.  Vitale provided information both as to
Furino's association and position in the Bonanno family, as well
as to his involvement in the Bonanno family's loansharking
operation.

76

### h. __Michael Cardello__

Michael Cardello was a longtime soldier in the Bonanno family, who also once served as a captain.  He was indicted for racketeering conspiracy with predicate acts charging loansharking and the conspiracy to murder, and murder of, Anthony Tomasulo, Russell Mauro, and Robert Perrino.  Cardello served as the shooter in the Tomasulo murder.  Approximately one year after the murder of Tomasulo, Cardello was involved with other members of the Bonanno family in the murder of Bonanno family soldier Russell Mauro.  Finally, Cardello was involved in the murder of Robert Perrino in May 1992.  Cardello took Perrino to the location where he was killed, a club controlled by Bonanno family associate Anthony Basile.

Cardello was a previously convicted felon; he has four prior convictions, including his 1994 felony conviction for racketeering.  Cardello was convicted in 1971 for possession of gambling records, 1977 for disorderly conduct, and 1992 for conspiracy in the fifth degree relating to his involvement to defraud the Metropolitan News Company by falsifying business records.

On April 28, 2006, Cardello pled guilty to the conspiracy to murder Mauro in-aid-of racketeering, and he was sentenced to ten years' imprisonment, the maximum available sentenced under the statute.  He also received three years of

77

supervised release and $100 special assessment.  As with the other defendants, Vitale provided crucial evidence that led to Cardello's indictment and his guilty plea.

### i.  **Louis Restivo**

At the time of his arrest, Louis Restivo was a soldier in the Bonanno family; he previously served as a Bonanno family captain.  Restivo was charged in four counts, including the Count One racketeering conspiracy enumerating five racketeering acts involving murder/murder conspiracy (Gabriel Infanti and Anthony Tomasulo), extortion, and illegal gambling (joker-poker machines and baccarat gambling operations).  Restivo assisted with the Infanti murder by, among other acts, finding a location for the murder and, ultimately, after Infanti's murder was planned, meeting with Infanti and driving him to the location of the murder, where Infanti was shot by another member of the Bonanno family.  Restivo then took Infanti's keys and moved his car, leaving it at a location in Queens.  Restivo also participated in the murder of Bonanno family associate Anthony Tomasulo together with, among others, Bonanno family members.  Restivo provided a body bag for the murder, was present at the murder, and helped dispose of Tomasulo's body.

On February 11, 2005, Restivo pled guilty to the conspiracy to murder Tomasulo in-aid-of racketeering.  This Court

78

sentenced Restivo on May 31, 2005 to a term of ten years'
imprisonment, three years of supervised release, and a $100
special assessment.

### j.   **Sandro Aiosa**

Sandro Aiosa was a soldier in the Bonanno family; he
was charged with racketeering, which included various gambling
offenses as predicate acts.  He pled guilty on October 22, 2004
and was sentenced on March 4, 2005, to a term of twelve months'
imprisonment, three years of supervised release, and $100 special
assessment.  Vitale provided information with respect to Aiosa's
involvement in the Bonanno family and the charged predicates.

### k.   **Peter Cosoleto**

Peter Cosoleto, known as "Petey Boxcars," was a
soldier in the Bonanno family.  He was charged with racketeering
conspiracy, which included the conspiracy to murder, and murder
of, Russell Mauro, and a narcotics distribution predicate.
Cosoleto served as one of the shooters in the Mauro murder.  At
the time of his arrest, he had previously been convicted of
racketeering conspiracy as part of the Graziano/Massino
prosecution.  Cosoleto pled guilty to the conspiracy to murder
Mauro in-aid-of racketeering on April 28, 2006 and was sentenced
to ten years' imprisonment, three years of supervised release,
and a $100 special assessment.

79

### l.   **Joseph DiStefano**

Joseph DiStefano was a soldier in the Bonanno family; he was charged with racketeering conspiracy, which included loansharking related predicates.  He pled guilty on October 22, 2004 to these charges and was sentenced on April 22, 2005 to a term of twenty-four months' imprisonment, three years of supervised release, and a $100 special assessment.  Vitale provided evidence that led to DiStefano's indictment, and he was available to testify against him.

### m.   **Gino Galestro**

Gino Galestro was a soldier in the Bonanno family.  He was charged with an extortionate extension of credit conspiracy related to the Bonanno family, to which he pled guilty on October 22, 2004.  This Court sentenced Galestro to a term of twenty-four months' imprisonment, three years of supervised release, and a $100 special assessment.  Of note, Galestro was later charged, convicted, and sentenced in a separate prosecution in the Eastern District of New York for his involvement in the murder of Robert McKelvey, in which he was sentenced to twenty years' imprisonment.

### n.   **Anthony Navarra**

Anthony Navarra, a soldier in the Bonanno family, pled guilty to illegal gambling on March 4, 2005 and was sentenced

principally to a term of three years' probation.  Vitale provided
information relating to both Navarra's involvement in the Bonanno
family and the charged crime.

### o.  Philip Navarra

Philip Navarra, a soldier in the Bonanno family, pled
guilty to racketeering conspiracy, which included predicate acts
of illegal gambling and extortion.  On April 8, 2005, this Court
sentenced Navarra to a term of twenty-one months' incarceration,
three years of supervised release, a $100 special assessment and
a $50,000 fine.  Vitale provided information relating to both
Navarra's involvement in the Bonanno family and the charged
crime.

### p.  John Palazzolo

The defendant John Palazzolo was a longstanding member
of the Bonanno family.  Palazzolo maintained his association with
the Bonanno family since his induction in 1977.  He was indicted
for racketeering conspiracy, which included predicate acts of
loansharking, the 1979 conspiracy to murder, and attempted murder
of, Anthony Coglitore, and the 1991 murder of Bonanno family
soldier Russell Mauro.  On December 26, 1978, members and
associates of the Bonanno family, including Palazzolo, shot
Anthony Coglitore five times as he entered his driveway in Staten
Island, New York.  Coglitore was shot in retaliation for his

suspected participation in the attempted murder of a member of the Bonanno family whose car was blown up in September 1978. Palazzolo, a longtime soldier in the Bonanno family, served as a "backup" shooter on the Coglitore attempted murder.  With respect to the Mauro murder, Palazzolo was present to assist in the murder and helped dispose of Mauro's body.  Additionally, Palazzolo was involved in luring Mauro to the location where he was killed.

At the time he was arrested, Palazzolo had recently completed his term of supervised release, the conditions of which he violated by meeting with other members of the Bonanno family (and convicted felons).  Palazzolo had previously been arrested on four occasions on various extortions and fraud charges.  While serving his sentence on his 1994 arrest for theft of an interstate shipment, Palazzolo was again arrested, convicted for loansharking, and sentenced to fifty-seven months' incarceration.

On April 28, 2006, Palazzolo pled guilty to the conspiracy to murder Mauro in-aid-of racketeering, and on October 13, 2006, he was sentenced to ten years' imprisonment, the maximum available sentence under the statute.  He also received three years of supervised release and a $100 special assessment. Vitale was an important witness with respect to the prosecution of Palazzolo.

### q.  **Richard Riccardi**

Richard Riccardi was a soldier in the Bonanno family; he was charged with racketeering conspiracy, which included predicate acts charging the conspiracy to murder and murder of Dominick "Sonny Black" Napolitano and Robert Capasio.  On April 28, 2006, Riccardi plea guilty to the conspiracy to murder Bonanno family associate Ronald Filocomo in-aid-of racketeering and he was sentenced, on November 17, 2006, to ten years' imprisonment, the maximum available sentence under the statute. He also received three years of supervised release and a $100 special assessment.  Vitale provided evidence about Riccardi's involvement in the Bonanno family and about other details relating to the murder charges.

### r.  **Vito Rizzuto**

That Bonanno family soldier Vito Rizzuto, described as Canada's most notorious criminal, was extradited and pled guilty to a crime committed more than twenty-five years ago, was itself unprecedented.  At the time of his indictment, Rizzuto was the most influential member of the Bonanno family crew that operates in Montreal.  He was charged with racketeering conspiracy and, specifically, in predicate acts for the May 5, 1981 conspiracy to murder, and murder, of Bonanno family captains Alphonse "Sonny Red" Indelicato, Philip "Phil Lucky" Giaccone, and Dominick "Big

Trin" Trinchera – who were believed to be plotting to take control of the Bonanno family from Bonanno family boss Phil Rastelli.  Rizzuto pled guilty on May 4, 2007 to racketeering conspiracy, which included the murders of Indelicato, Giaccone, and Trinchera as predicate acts.  On May 25, 2007, Rizzuto was sentenced pursuant to the terms of his Rule 11(c)(1)(c) plea to a term of ten years' imprisonment, three years of supervised release, and a $100 special assessment.

### s.   Joseph Sabella

Joseph Sabella was a soldier in the Bonanno family; he was charged with racketeering conspiracy which included predicate acts of loansharking and extortion.  He pled guilty on October 22, 2004 to racketeering conspiracy, which included the extortion of the Bistro Restaurant and extortionate extension of credit conspiracy.  He was sentenced to twenty-four months' imprisonment, three years of supervised release, and a $100 special assessment on April 22, 2005.

### t.   Joseph Torre

Joseph Torre served as a soldier and acting captain in the Bonanno family.  He was indicted for racketeering conspiracy (which included predicate acts of loansharking and extortion) and being a felon in possession of a firearm.  He pled guilty on October 22, 2004, to racketeering conspiracy, which included the

charged extortion and loansharking predicates, and was sentenced on March 25, 2005 to a term of twenty-four months' imprisonment, three years of supervised release, and a $100 special assessment. Vitale provided information relating to Torre's involvement in the Bonanno family.

### u.   **Patrick Romanello**

Patrick Romanello, also known as "Patty Muscles," was a Bonanno family associate.  He was charged with racketeering conspiracy and, specifically, with predicate acts concerning the 1983 conspiracy to murder, and murder of, Enrico Mazzeo and the 1990 conspiracy to murder, and murder of, Louis Tuzzio.  Mazzeo was a former deputy commissioner of the New York City Marine and Aviation Department.  Mazzeo was killed in part because members and associates of the Bonanno family feared that he might cooperate with law enforcement and provide information about the criminal activities of the Bonanno family.  Mazzeo's body was recovered in November 1982 in the trunk of a parked car. Romanello served as a backup shooter on Mazzeo's murder and fired at Mazzeo after Mazzeo was first shot by another participant in the murder.  Romanello was also responsible for assisting in the disposal of Mazzeo's body.  Tuzzio was murdered due to his involvement in the murder of Bonanno family associate Gus Farace, which resulted in the shooting of Joseph Sclafani, the son of Gambino family soldier August Sclafani.  Farace was killed

because he had murdered DEA Special Agent Everett Hatcher (who was working in an undercover capacity), and the law enforcement investigation into Hatcher's murder resulted in increased scrutiny on the activities of the *Cosa Nostra* families.  During the course of the murder of Farace, which was authorized by superiors in the Bonanno family, members of Tuzzio's crew shot Sclafani.  Sclafani was injured but did not die.  As a result of the shooting of Sclafani, Gambino family boss John Gotti ordered the Bonanno family to kill Tuzzio – which they did.  Tuzzio was shot and killed on January 3, 1990, by Romanello and other members and associates of the Bonanno family.  Romanello was present in the vicinity of the location where Tuzzio was to be murdered so that he could serve as a "backup," and after the murder, they drove to the murder scene to retrieve and dispose of the murder weapon.  Vitale provided evidence as to each of these crimes.

### v.  **Michele Sottile**

Michelle Sottile, an associate in the Bonanno family, was charged with various gambling offenses relating to the Bonanno family's baccarat gambling operation.  Vitale provided information relating to this operation.  On October 22, 2004, Sottile pled guilty to illegal gambling and was sentenced on March 7, 2005, principally to time served and a term of three years of supervised release.

86

## 2.   **Trial Defendants**

Three defendants, Bonanno family soldiers Baldassare Amato and Stephen LoCurto and Bonanno family associate Anthony Basile, proceeded to trial in the Summer of 2006, and each was convicted of every charged crime and predicate act. Specifically, after an eight-week trial, the defendants were convicted of racketeering conspiracy and other offenses, which included three murders (Joseph Platia, Sebastian "Sammy" DiFalco, and Robert Perrino), drug dealing, gambling, and robbery in furtherance of the activities of the Bonanno family.  Amato and Basile were convicted of the Perrino murder; Amato was also convicted of the murder of Bonanno family associate Sammy DiFalco; and LoCurto was convicted of the murder of Joseph Platia.

Vitale provided important details about each of the murders, as well as about the defendants' association with the Bonanno family and their involvement in other crimes.  In particular, Vitale provided important details about the Perrino murder – which he ordered.  Amato and LoCurto have since been sentenced to life terms.  Basile also faces life imprisonment at sentencing.

With respect to the Platia murder, Vitale was an important trial witness.  Although he was unfamiliar with the particular names of the victims, he testified that within the

same time frame, Infanti contacted Vitale about an "emergency."
When Infanti and Vitale met, Infanti reported that LoCurto had
killed an individual in Manhattan and was arrested while walking
away from the murder scene with the murder weapon.  Infanti asked
Vitale to convey this information to Bonanno family boss Joseph
Massino.  Massino, Vitale and Infanti later met, and Massino
chastised Infanti for his failure to complete the murder.
Massino eventually had Infanti murdered, in part because of
Infanti's mistakes in the Platia-Capasio double murder.

Vitale also testified about the DiFalco murder,
detailing a conversation he had with Bonanno family boss Joseph
Massino, in which Massino stated that Amato killed DiFalco
because Amato believed that DiFalco was stealing from the
Giannini Restaurant, which Amato operated and where DiFalco
worked.

Additional details as to each Urso trial defendant are
provided below.

### a.   Baldassare Amato

Amato was a longstanding and dangerous member of the
Bonanno family; he was inducted into the Bonanno family in the
late 1970s.  At the time of his indictment in this matter, he was
incarcerated based on his 1999 conviction in the Eastern District
of New York.  Amato was indicted in January 2004 for racketeering

conspiracy which included five predicate acts: two acts involving murder and murder conspiracy (the Perrino and DiFalco murders), two acts involving illegal gambling, and a fifth act involving an armed robbery.  The jury found Amato liable for each of the charged crimes and predicates.  The evidence established that, on the Perrino murder, Amato served as a "shooter."  That was only one of three acts of violence for which Amato was convicted. Several months prior to Perrino's murder, Amato was involved in the murder of Sebastian "Sammy" DiFalco.  Amato was also convicted for ordering the violent armed robbery of patrons and employees of Café Vienna in Queens in March 1997 – a crime as to which Amato pled guilty in a prior prosecution in the Eastern District of New York.

Amato was no stranger to the criminal justice system: he has four prior felony convictions.  More than thirty years ago, Amato was arrested and later convicted in Valley Stream/Mineola, New York, together with Caesar Bonventre, another member of the Bonanno family.  At the time, police recovered the following items from the car in which Amato and Bonventre were stopped: two fully loaded .38 caliber revolvers, a switchblade, five rounds of wadcutter bullets, two black ski masks, and a rubber Halloween mask.  In 1988, Amato was convicted of racketeering in the "Pizza Connection" case," which involved an international narcotics trafficking operation.  Finally, in July

2000, Amato pled guilty before United States District Judge Sterling Johnson to conspiring rob the patrons and employees of the Café Vienna in Queens, New York (which formed the basis of one of the charged predicates here) and later in June 2001, Amato pled guilty to being a felon in possession in the Northern District of New York, relating to his possession of a Smith and Wesson Model 10 .38 caliber revolver.

On October 27, 2006, this Court sentenced Amato to life imprisonment, a term of lifetime supervision, a $400 special assessment and a $250,000 fine.

### b.  **Steve LoCurto**

Steven LoCurto was a soldier in the Bonanno family and a three-time convicted felon.  At the time of his indictment in the instant case, LoCurto was serving a term of incarceration imposed by this Court for marijuana trafficking.  LoCurto was charged with racketeering conspiracy including predicate acts for murder/murder conspiracy (Joseph Platia), narcotics trafficking (MDMA and marijuana trafficking), and extortion.  The jury convicted LoCurto of each of these crimes – including the brutal murder of Platia, for which he was previously acquitted in state court.

On May 9, 1986, LoCurto shot Platia five times as Platia sat in a car on the northwest corner of 35th Street and

90

10th Avenue.  LoCurto was arrested within blocks of the murder scene soon after he shot Platia.  At the time, he was in possession of a .38 Caliber revolver.  One of the arresting Officers took the firearm recovered from LoCurto, sniffed it, detected the odor of fresh gun powder, determined that the barrel and chamber of the gun were still warm, and observed that there were five spent shells in the revolver.  On the night of the Platia murder, members and associates of the Bonanno family shot and killed Bonanno family associate Robert Capasio at an apartment in Brooklyn, New York.  After Capasio was killed, it was determined that Platia, who was waiting for Capasio, would know who killed Capasio and, accordingly, Platia was murdered. The owner of the vehicle in which Platia's body was recovered made a statement to the New York City Police Department investigators that she had lent her car to Robert Capasio (the first murder victim).

As noted, LoCurto had been arrested and convicted on numerous occasions dating back more than twenty years.  He was arrested in 1980 (charged with criminal possession of marijuana, he was convicted of a lesser included offense and sentenced to a term of probation which was later revoked); 1981 (arrested for criminal impersonation and resisting arrest and criminal possession of a controlled substance - cocaine - and operation of a motor vehicle with a suspended license); 1983 (charged with

91

promoting gambling, possessing gambling receipts and possession of a gambling device - a slot machine); 1986 (arrested and charged with criminal possession of a weapon and murder in relation to the shooting of Joseph Platia described above); October 1990 (arrested for assault relating to an altercation during which LoCurto punched another male after an argument); 2000 (indicted and convicted of conspiring to possess with intent to distribute MDMA); and in December 2002 (arrested, charged, and convicted of conspiring to distribute marijuana in the Eastern District of New York).

On February 20, 2007, this Court sentenced LoCurto to a term of life imprisonment and a $100 special assessment.

### c.   **Anthony Basile**

Anthony Basile was a longtime associate in the Bonanno family.  He was indicted for racketeering conspiracy, which included predicate acts for narcotics trafficking, murder/murder conspiracy (Perrino murder), and loansharking, and substantive counts for extortionate extension of credit and extortionate collection of debt.  The jury found Basile guilty of all of the charged crimes.  With respect to the Perrino murder, Basile provided a location for the murder and served on the "cleanup" team, aiding in the disposal of Perrino's body at a location in Staten Island.  Basile faces life imprisonment at sentencing.

\* \* \* \* \*

The <u>Urso</u> prosecution was significant in every way, and Vitale was a crucial witness as to almost every defendant and criminal act charged.

## D.   United States v. Basciano/Mancuso, 05 CR 0600 (NGG)

Beginning in 2005, a grand jury sitting in the Eastern District of New York returned a series of indictments charging Bonanno family acting bosses Vincent Basciano (with crimes separate from those discussed above) and Michael Mancuso, Bonanno family captain Dominick Cicale and Bonanno family soldiers Anthony "Bruno" Indelicato, Anthony Donato, and Anthony Aiello, among others.  These defendants were charged with a variety of racketeering-related crimes including the February 15, 2001 murder of Frank Santoro and the December 1, 2004 murder of Bonanno family associate Randolph Pizzolo.

Pizzolo's body was found in the street in an industrial section of Greenpoint, Brooklyn.  He had been shot numerous times.  His vehicle, a new BMW, was left idling nearby and his wallet was found on his body.  Pizzolo was an associate of the Bonanno family who, in 2004, was under Basciano, and it was Basciano who ordered Pizzolo's murder.

Each of the defendants except Basciano has resolved

93

the outstanding charges through a plea agreement.  Details relating to each defendant and the resolution of these charges is detailed below.  Of note, although Vitale did not possess details as to the Pizzolo murder, which occurred after Vitale began cooperating, evidence relating to those crime was gathered by witnesses – namely, members of the Bonanno family – who cooperated in part due to evidence that Vitale provided and which resulted in their own prosecution.  Further, Vitale provided evidence about both the Santoro murder and the roles of various defendants in the Bonanno family pertaining to the charges in this case.

### 1.   **The Pled Defendants**

As further discussed below, defendants Mancuso, Indelicato, Donato and Aiello all pled guilty prior to trial.

### a.   **Michael Mancuso**

At the time of his arrest, Mancuso was the acting boss of the Bonanno family, and thus the highest ranking member of that family at liberty.  Mancuso was charged with murder-in-aid of racketeering, conspiracy to murder-in-aid of racketeering and firearms possession in furtherance of those crimes, relating to the December 2004 murder of Bonanno family associate Randolph Pizzolo.  Mancuso was no stranger to crime or violence; he has a serious criminal history involving acts of violence.

94

Specifically, Mancuso has a 1978 New York state felony conviction for criminal possession of a weapon, a 1986 New York state felony conviction for manslaughter (for the killing of his wife), and various 1996 New York state misdemeanor convictions for menacing, assault, resisting arrest, and attempted assault.

On August 6, 2008, Mancuso pled guilty to the conspiracy to murder Bonanno family associate Randolph Pizzolo in-aid-of racketeering and another count of illegal gambling. The statutory maximum sentence for these crime is fifteen years' imprisonment.  On December 16, 2008, this Court sentenced Mancuso to the maximum fifteen-year sentence, three years of supervised release, and a $200 special assessment.  Mancuso was the fifth consecutive boss or acting boss of the Bonanno family (including Anthony Spero, Joseph Massino, Anthony Urso, and Vincent Basicano), convicted of a crime of violence in the last decade.

Vitale provided significant information about Mancuso – specifically, his role and associations in the Bonanno family and his involvement in the murder of Bonanno family captain Gerlando Sciascia – an uncharged crime for which Mancuso received "coverage" in his plea agreement.

b.    **Anthony Indelicato**

Bonanno family soldier (and former captain) Anthony Indelicato was charged with racketeering, which included predicate acts of murder and murder conspiracy, relating to the 2001 murder of Frank Santoro, and a predicate act of conspiring to murder Bonanno captain Patrick DeFilippo.  Indelicato was also charged with substantive counts for the DeFilippo murder conspiracy and the Santoro murder.

Indelicato is a longstanding member of the Bonanno family, and he has a significant history of violence, including his 1986 conviction in the "Commission" case for his role as a shooter in the murders of Bonanno acting boss Carmine Galante, Leonard Coppolla and Giuseppe Turano.  See United States v. Indelicato, 865 F.2d 1370, 1372 (2d Cir. 1989).  Indelicato and his coconspirators, wearing masks, entered a Brooklyn restaurant where Galante and others were eating and shot them to death. Indelicato's palm print was found on the inside of a door of the getaway car.  See id.

On August 6, 2008, Indelicato pled guilty to racketeering conspiracy which included as predicate acts both the conspiracy to murder Frank Santoro and a marijuana distribution conspiracy.  Indelicato's Sentencing Guidelines carried a range of imprisonment from thirty years to life, but the statutory maximum penalty was twenty years.  On December 16, 2008, this

96

Court sentenced Indelicato to the maximum term of imprisonment available - twenty years - plus three years of  supervised release and a $100 assessment.  Vitale was available to testify against Indelicato - and he had specifically provided information about Indelicato and his involvement in the Santoro murder.

### c.   <u>Anthony Donato</u>

The superseding indictment returned on February 15, 2006 also charged Bonanno family soldier Anthony Donato with murder-in-aid of racketeering, conspiracy to murder-in-aid of racketeering, and firearms possession in regard to crimes of violence, all relating to his participation in the 2001 murder of Frank Santoro.  At the time of his indictment, Donato was incarcerated and pending sentencing regarding his prior guilty plea to racketeering charges in <u>Basciano I</u>, including the 1985 racketeering-related attempted murder of David Nunez.

Donato resolved the charges in this indictment by guilty plea – which also incorporated the terms of his prior plea in <u>United States v. Massino/Basciano</u>, 03 Cr. 929 (NGG) – to conspiracy to murder Frank Santoro in-aid-of racketeering, in violation of Title 18, United States Code, Section 1959(a)(5). On December 16, 2008, Donato was sentenced to twenty five years' imprisonment, three years of supervised release and a $300 special assessment.  Vitale provided information both about Donato's association and rank in the Bonanno family, and the

97

Santoro murder.

### d.   <u>Anthony Aiello</u>

Bonanno family soldier Anthony Aiello, known as "Ace," was a fugitive for some time prior to his arrest.  He was ultimately arrested in March 2005, in Syracuse, New York.  On August 6, 2008, the defendant Aiello pled guilty to racketeering, pursuant to Title 18, United States Code, Section 1962(c) and to the conspiracy to murder Randolph Pizzolo in-aid-of racketeering. Aiello's Sentencing Guidelines carried a range of imprisonment from thirty years to life, but the statutory maximum penalty was thirty years.  On December 16, 2008, this Court sentenced Aiello to the maximum term of imprisonment available - thirty years - plus three years of supervised release and a $200 assessment. While Vitale did not provide information relating to Aiello's involvement in these crimes, the witnesses available to testify against Aiello were charged in part based on information provided by Vitale.

### 2.   <u>Trial Defendant: Basciano</u>

As noted above, only one defendant remains in this prosecution: Bonanno family acting boss Vincent Basciano.  He is expected to be tried in early 2011.  If necessary Vitale will be called as a witness.

E.    **United States v. Rabito, et al.,**
      **06 CR 800 (SLT)**

Vitale also provided important information that led to the indictment in United States v. Rabito, in which charges were again brought against the then-leadership of the Bonanno family: Bonanno family acting underboss Nicholas Santora and Bonanno family acting consigliere Anthony Rabito, as well as seventeen other members and associate of the Bonanno family. The charged crimes ranged from murder conspiracy to securities fraud, gambling, extortion, and loansharking, and are summarized below:

| Count(s) | Description & Date | Defendant(s) |
|---|---|---|
| 1 & 2 | Racketeering Conspiracy/ Racketeering (July 1989 – January 2007) (Title 18, United States Code, Section 1962(c) and (d)) | Jerome Asaro Joseph Cammarano, Jr. Michael Cassese Louis DeCiccio Anthony DeFilippo Christopher Merz Anthony Rabito Nicolas Santora Paul Spina Patrick Tarsio Michael Virtuoso Anthony Vivelo |
| 3 | Murder Conspiracy – John Doe #8 (October 2004 – December 2004) (Title 18, United States Code, Section 1959(a)(5)) | Joseph Cammarano, Jr. Paul Spina |
| 4 | Illegal Gambling – Bookmaking (January 1990 – December 2006) (Title 18, United States Code, Section 1955) | Jerome Asaro Giacomo Bonventre |

| Count(s) | Description & Date | Defendant(s) |
|---|---|---|
| 5 | Extortion Conspiracy - Action Electric (January 1999 - December 2005) (Title 18, United States Code, Section 1951(a)) | Paul Spina |
| 6 | Illegal Gambling - Bookmaking (January 2002 - July 2004) (Title 18, United States Code, Section 1955) | Anthony Rabito |
| 7 | Extortionate Collection of Credit Conspiracy - John Doe #4 (January 2002 - July 2004) (Title 18, United States Code, Section 894(a)(1)) | Anthony Rabito |
| 8 | Extortionate Extension/Collection of Credit - John Doe #5 (June 2002 - August 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | John Compono Anthony Digiovanna Michael Virtuoso |
| 11 | Securities Fraud - Shelman Securities  (October 2002 - June 2004) (Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Section 2) | Michael Cassese Joseph Rossetti Robert Schwichrath |
| 12 | Extortion Conspiracy/Extortion - Via Oreto Restaurant (January 2003 - December 2005) (Title 18, United States Code, Section 1951(a)) | Anthony Rabito |
| 14-16 | Extortionate Extension/Collection of Credit - Joe Doe #6 (October 2003 - March 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 17 | Illegal Gambling - Lottery (January 2004 - December 2005) (Title 18, United States Code, Section 1955) | Louis DeCiccio Anthony DeFilippo Christopher Merz Patrick Tarsio Anthony Vivelo |

| Count(s) | Description & Date | Defendant(s) |
|---|---|---|
| 18 | Marijuana Distribution Conspiracy (January 2004 - December 2005) (Title 21, United States Code, Section 841(a)) | Anthony DeFilippo<br>Christopher Merz<br>Patrick Tarsio |
| 19 | Illegal Gambling - Texas Hold'em Poker (January 2004 - December 2006) (Title 18, United States Code, Section 1955) | Tracey Badgett<br>Michael Cassese<br>Anthony Rabito<br>Nicholas Santora |
| 20 & 21 | Extortionate Extension/Collection of Credit Conspiracy (January 2004 - December 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis DeFicco<br>Anthony DeFilippo<br>Patrick Tarsio |
| 22 | Illegal Gambling - Bookmaking (January 2004 - December 2006) (Title 18, United States Code, Section 1955) | Louis DeCiccio<br>Anthony DeFilippo<br>Christopher Merz<br>Patrick Tarsio<br>Anthony Vivelo |
| 23 & 24 | Extortionate Extension/Collection of Credit - John Doe #7 (January 2004 - December 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis DeFicco<br>Anthony DeFilippo |
| 25 | Extortion - Napa & Sonoma Restaurant (January 2004 - July 2006) (Title 18, United States Code, Section 1951) | Paul Spina |
| 26 | Securities Fraud - Gunn Allen/Marquis Financial (June 2004 - July 2005) (Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Section 2) | Michael Cassese<br>Joseph Rossetti<br>Robert Schwichrath |
| 27 | Extortionate Collection of Credit - John Doe #9 (November 2004 - September 2005) (Title 18, United States Code, Section 894(a)) | Anthony DeFilippo<br>Patrick Tarsio |

101

| Count(s) | Description & Date | Defendant(s) |
|---|---|---|
| 28 | Extortionate Collection of Credit - John Doe #10 (November 2004 - September 2005) (Title 18, United States Code, Section 894(a)) | Jerome Asaro |
| 29 | Extortion - Bistro Restaurant (January 2005 - December 2006) (Title 18, United States Code, Section 1951(a)) | Nicholas Santora |
| 30 | Extortionate Collection of Credit - John Doe #11 (January 2005 - December 2006) (Title 18, United States Code, Section 894(a)) | Louis DeCiccio Anthony DeFilippo Patrick Tarsio |
| 31-33 | Extortionate Extension/Collection of Credit - John Doe #12 (April 2005 - December 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Joseph Cammarano, Jr. Michael Virtuoso |
| 34-36 | Extortionate Extension/Collection of Credit - John Doe #13 (May 2005 - June 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 37-39 | Extortionate Extension/Collection of Credit - Jane Doe #1 (April 2006 - November 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Agostino Accardo Michael Cassese Anthony Rabito Nicholas Santora Michael Virtuoso |

Listed in the chart below is a summary of the racketeering acts charged as part of the racketeering and racketeering conspiracy counts:

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 1 | Possession with Intent to Distribute Heroin (July 1989) (Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(I)) | Michael Cassese |
| 2 | Illegal Gambling - Bookmaking (January 1990 - December 2006) (Title 18, United States Code, Section 1955 and New York Penal Law Sections 225.10(1) and 20.00) | Jerome Asaro |
| 3 | Murder Conspiracy - John Doe #1 (January 1992 - December 1992) (New York Penal Law Sections 125.25(1) and 105.15) | Paul Spina |
| 4 | Extortionate Collection of Credit - John Doe #2 (November 1993 - June 1995) (Title 18, United States Code, Section 894(a)(1)) | Paul Spina |
| 5 | Extortionate Collection of Credit - John Doe #3 (November 1993 - June 1995) (Title 18, United States Code, Section 894(a)(1)) | Paul Spina |
| 6 | Illegal Gambling - Baccarat (January 1995 - December 2001) (Title 18, United States Code, Section 1955) | Jerome Asaro |

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 7 | Extortion Conspiracy – Action Electric (January 1999 – December 2005) (New York Penal Law Sections 155.40(2)(a), 155.40(2)(b) and 105.10 and Title 18, United States Code, Section 1951(a)) | Paul Spina |
| 8 | Illegal Gambling – Bookmaking (January 2002 – July 2004) (Title 18, United States Code, Section 1955 and New York Penal Law Sections 225.10(1) and 20.00) | Anthony Rabito |
| 9 | Extortionate Collection of Credit Conspiracy – John Doe #4 (January 2002 – July 2004) (Title 18, United States Code, Section 894(a)(1)) | Anthony Rabito |
| 10 | Extortionate Extension/Collection of Credit – John Doe #5 (June 2002 – August 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 11 | Securities Fraud – Shelman Securities (October 2002 – June 2004) (Title 15, United States Code, Sections 78j(b) and 78ff) | Michael Cassese |
| 12 | Extortion Conspiracy/Extortion – Via Oreto Restaurant (January 2003 – December 2005) (New York Penal Law Sections 155.40(2)(a), 155.40(2)(b), 105.10 155.40(2)(a) and 20.00 and Title 18, United States Code, Section 1951(a)) | Anthony Rabito |

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 13 | Extortionate Extension/Collection of Credit - Joe Doe #6 (October 2003 - March 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 14 | Illegal Gambling - Lottery (January 2004 - December 2005) (Title 18, United States Code, Section 1955 and New York Penal Law Sections 225.10(2) and 20.00) | Louis DeCiccio Anthony DeFilippo Christopher Merz Patrick Tarsio Anthony Vivelo |
| 15 | Marijuana Distribution Conspiracy (January 2004 - December 2005) (Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(c) and 846) | Anthony DeFilippo Christopher Merz Patrick Tarsio |
| 16 | Illegal Gambling - Texas Hold'em Poker (January 2004 - December 2006) (Title 18, United States Code, Section 1955) | Michael Cassese Anthony Rabito Nicholas Santoro |
| 17 | Extortionate Extension/Collection of Credit Conspiracy (January 2004 - December 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis DeCiccio Anthony DeFilippo Patrick Tarsio |
| 18 | Illegal Gambling - Bookmaking (January 2004 - December 2006) (Title 18, United States Code, Section 1955 and New York Penal Law Sections 225.10(1) and 20.00) | Louis DeCiccio Anthony DeFilippo Christopher Merz Patrick Tarsio Anthony Vivelo |

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 19 | Extortionate Extension/Collection of Credit - John Doe #7 (January 2004 - December 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis DeCiccio Anthony DeFilippo |
| 20 | Extortion - Napa & Sonoma Restaurant (January 2004 - July 2006) (Title 18, United States Code, Sections 892(a) 894(a)(1) and 1951(a) and New York Penal Law Sections 155.40(2)(a), 155.40(2)(b) and 20.00) | Paul Spina |
| 21 | Securities Fraud - Gunn Allen/Marquis Financial (June 2004 - July 2005) (Title 15, United States Code, Sections 78j(b) and 78ff) | Michael Cassese |
| 22 | Murder Conspiracy - John Doe #8 (October 2004 - December 2004) (New York Penal Law Sections 125.25(1) and 105.15) | Joseph Cammarano, Jr. Paul Spina |
| 23 | Extortionate Collection of Credit - John Doe #9 (November 2004 - September 2005) (Title 18, United States Code, Section 894(a)(1)) | Anthony DeFilippo Patrick Tarsio |
| 24 | Extortionate Collection of Credit - John Doe #10 (November 2004 - September 2005) (Title 18, United States Code, Section 894(a)(1)) | Jerome Asaro |
| 25 | Extortion - Bistro Restaurant (January 2005 - December 2006) (New York Penal Law Sections 155.40(2)(a), 155.40(2)(b) and 20.00 and Title 18, United States Code, Section 1951(a)) | Nicholas Santora |

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 26 | Extortionate Collection of Credit - John Doe #11 (January 2005 - December 2006) (Title 18, United States Code, Section 894(a)(1)) | Louis DeCiccio Anthony DeFilippo Patrick Tarsio |
| 27 | Extortionate Extension/Collection of Credit - John Doe #12 (April 2005 - December 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Joseph Cammarano, Jr. Michael Virtuoso |
| 28 | Extortionate Extension/Collection of Credit - John Doe #13 (May 2005 - June 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 29 | Extortionate Extension/Collection of Credit - Jane Doe #1 (April 2006 - November 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Cassese Anthony Rabito Nicholas Santora Michael Virtuoso |

Vitale's information was important to the filing of charges, and he was available to testify against many of these defendants.  Each, however, pled guilty.  The details of the charges lodged and their guilty pleas (with respect to those defendants that Vitale was available to testify against) are listed below:

1. **Anthony Rabito**

At the time of his arrest, Rabito was the acting consigliere of the Bonanno family and a convicted felon several

times over.  Rabito was charged with racketeering and racketeering conspiracy, including predicate acts of illegal gambling, extortionate collection of credit and extortion. Rabito was also charged with various substantive crimes for these acts.  Rabito pled guilty to these charges and was sentenced by the Honorable Sandra L. Townes, United States District Judge, principally to a term of thirty-three months' imprisonment.

Previously, Rabito was involved in both the 1976 murder of Vito Borelli and the 1981 murders of Bonanno family captains Alphonse "Sonny Red" Indelicato, Philip "Phil Lucky" Giaccone, and Dominick "Big Trin" Trinchera.

## 2. **Nicholas Santora**

At the time of his arrest, Santora served as the acting underboss of the Bonanno family.  Santora's involvement in organized crime and the Bonanno family has spanned more than thirty years.  Santora was charged with racketeering and racketeering conspiracy, which included predicate acts of illegal gambling, extortion, and extortionate collection of credit, and with substantive acts concerning these crimes.  From his first arrest in May 1966 for the theft of motor vehicles to his most recent in this case, Santora has been arrested a dozen times for crimes involved forgery, receipt of stolen property, gambling, resisting arrest, and theft of an interstate shipment, and he has spent more than a decade in jail for these crimes.  Further, he

108

has been arrested for violating his parole three times – in June 1998, November 1998 and December 1999.

Vitale provided crucial evidence of Santora's role in the Bonanno family, and he was prepared to testify at trial if necessary. Santora ultimately pled guilty to racketeering conspiracy, which included predicate acts of illegal gambling and extortion. He was sentenced principally to thirty-six months' imprisonment.

### 3. **Jerome Asaro**

Jerome Asaro served as a captain in the Bonanno family. He pled guilty to racketeering conspiracy, which included predicate acts of illegal gambling (bookmaking) and extortionate collection of credit, and he was ultimately sentenced by Judge Sandra L. Townes principally to thirty months' imprisonment. Vitale provided important information, including Asaro's association with and position in the Bonanno family and his role in the charged illegal gambling scheme, which led to Asaro's indictment and conviction. Vitale also provided evidence of Asaro's involvement in other crimes, including his involvement, after the fact, in the Sciascia murder.

### 4. **Joseph Cammarano, Jr.**

Joseph Cammarnao, Jr. is a longstanding member of the Bonanno family who previously served as an acting captain. He was charged with racketeering and racketeering conspiracy, which

included predicate acts of murder conspiracy and extortionate collection of credit.  Vitale provided crucial evidence with respect to Cammarano, and he was prepared to testify had Cammarano chosen to proceed to trial.  In addition to the charged crimes, Vitale also provided evidence regarding Cammarano's involvement in "cleaning up" after the murder of Bonanno family associate Anthony Tomasulo in the early 1990s – a murder that was carried out at Cammarano's father's social club.

Cammarano ultimately pled guilty to extortionate collection of credit and was sentenced by Judge Townes principally to twenty-seven months' imprisonment.

### 5. <u>Louis DeCiccio</u>

DeCiccio, a Bonanno family captain, was charged with racketeering and racketeering conspiracy, including the following racketeering acts: illegal gambling - lottery, extortionate extension, and collection of credit conspiracy; illegal gambling – bookmaking, the extortionate extension and collection of credit from John Doe #7; and the extortionate collection of credit from John Doe #11.  DeCiccio was also charged in various substantive counts for these acts.

DeCiccio has a history of arrests.  For example, in 1997, DeCiccio pleaded guilty in Queens County to assault with a weapon in violation of New York Penal Law § 120.05 relating to his assault of a bar patron in the eye with a bottle, requiring

stitches and plastic surgery.

In this case, he ultimately pled guilty to racketeering conspiracy, which included predicate acts of illegal gambling and extortionate collection of credit and he was sentenced principally to forty months' imprisonment.  In addition to providing information about DeCiccio's position in the Bonanno family, Vitale also provided information that was included in a Title III investigation involving DeCiccio, the results of which were used to indict DeCiccio and others.

**6.   Paul Spina**

Paul Spina is a longtime soldier in the Bonanno family who was charged with racketeering conspiracy including the following predicate acts: murder conspiracy of John Doe #1; extortionate collection of credit; extortion conspiracy; extortion – Napa & Sonoma Restaurant; and murder conspiracy – John Doe #8.  Spina was also charged in other substantive counts covering this conduct.

Spina is no stranger to the criminal justice system. For example, on April 9, 1998, Spina pled guilty in the Eastern District of New York to conspiring to use extortionate means to collect extensions of credit and using extortionate means to collect an extension of credit in violation of Title 18, United States Code, Section 894(a)(1).

Vitale provided important information about Spina and

111

his association and position in the Bonanno family, as well as about his involvement in one of the charged murder conspiracies. Vitale would have testified at trial if necessary; Spina, however, chose to plead guilty to the charged murder in-aid-of racketeering conspiracy, and he was sentenced by Judge Townes principally to one hundred and six months' imprisonment.

### 7. **Giacomo Bonventre**

Giacomo Bonventre, another Bonanno soldier, pled guilty to illegal gambling and was sentenced to nine months in prison. Vitale provided information relevant to Bonventre's indictment and conviction, including information about his involvement in the charged gambling scheme and his association with and position in the Bonanno family.

### III. Colombo Organized Crime Family: United States v. Persico and DeRoss, 04 CR 911 (JS)

Throughout his cooperation, Vitale provided information about various members and associates of the Colombo family, and he testified at the trial of Colombo family acting boss Alphonse "Alley Boy" Persico and Colombo family administration member Jackie DeRoss. Both men were convicted and sentenced to life imprisonment for their involvement in the murder of Colombo family underboss William "Wild Bill" Cutolo. United States v. Persico and DeRoss, 04 CR 911 (JS).

Specifically, in November 2007, Vitale testified about

the structure and rules of *Cosa Nostra* generally, Persico's position in the Colombo family, and a conversation they had regarding William Cutolo, for whose murder Persico and DeRoss were on trial. Vitale testified about Persico's statements tacitly admitting having Cutolo murdered because Cutolo had tried to take control of the Colombo family. As noted, the jury convicted both defendants of the murder in-aid-of racketeering of William Cutolo, obstruction of justice and obstruction of justice conspiracy. United States District Judge Joanne Seybert sentenced both defendants to life imprisonment.

As noted, Vitale has provided information about other members and associates of the Colombo family as well.

## IV. Gambino Organized Crime Family: United States v. Pizzonia, 05 CR 425 (JBW)

During the course of his debriefings, Vitale has provided information about many members and associates of the Gambino family – both historically and those currently involved in the enterprise. His information has facilitated various investigations, and he also testified at the trial of Gambino family captain Dominick Pizzonia – who was convicted after trial and sentenced to fifteen years' imprisonment.

In particular, in May 2005, Gambino family captain Dominick "Skinny Dom" Pizzonia was indicted for racketeering, which included as predicate acts the double murder of Thomas and

Rosemary Uva on December 24, 1992, among other crimes.  The Uvas were both shot in the head and killed in their car on 103rd Avenue and 91st in Ozone Park, New York.  Prior to their murder, the Uvas had been involved in the robbery of several *Cosa Nostra* social clubs, including Gambino family clubs.  On May 11, 2007, after a five-week trial, the jury convicted Pizzonia of racketeering conspiracy and acquitted him on the remaining loansharking charges.  As to the charged predicate acts, the jury found both the conspiracy to murder the Uvas and a second racketeering act for illegal gambling proven.

As noted, Vitale was an important witness at Pizzonia's trial.  He testified about Pizzonia's association with and position in the Gambino family, as well as about details of the Uva murder based on conversations between Joseph Massino and John Gotti, Jr., who was at the time helping to run the Gambino family while his father was incarcerated.  In particular, Vitale testified that after the Uva murders, Gotti requested a meeting with the boss of the Bonanno family, Joseph Massino, and during that meeting told Massino that the Gambino family was involved in the Uva murders and that "Our Skinny Dom did that."

United States District Judge Jack B. Weinstein sentenced Pizzonia to fifteen years of incarceration, to be followed by three years of supervised release, and a special assessment of $100.  Pizzonia is currently serving that sentence.

114

## V.   <u>Genovese Organized Crime Family</u>

Finally, Vitale also provided extensive information about the Genovese family, and he was prepared to testify at several trials in both the Southern and Eastern Districts of New York.

### A.   <u>Southern District Prosecutions</u>

In the Southern District of New York Vitale was prepared to testify at the trial of Salvatore Battaglia, also know as "Sally Hot Dogs," the president of Local 1181 of the Amalgamated Transit Union and a Genovese soldier.  In particular, Vitale was prepared to testify that, during his tenure as underboss, he received numerous induction lists, some of which he kept and ultimately turned over to the FBI.  One list that he received in 2000 from the Genovese family contained the name "Sal (Hot Dogs) Battaglia."  This piece of evidence would have been powerful evidence before the jury of Battaglia's membership in the Genovese family.  Ultimately, Battaglia pled guilty to racketeering, including three extortion predicates, and stipulated to a sentencing range of fifty-seven to seventy-one months' imprisonment.

Vitale was also prepared to testify at the trial of codefendants Ciro Perrone, Steve Buscemi, Paul Kahl, and Joseph Quaranta.  At that trial, Vitale would have testified as to the above list, which also contained the name "Steve Buscemi."

115

Ultimately, the government decided not to call Vitale, and worked out a testimonial stipulation with the defense that would obviate the need to call him, while still allowing the induction list to be introduced.  The jury hung as to Buscemi, against whom the case was ultimately nolled.

**B.    Eastern District Prosecution:**
**      United States v. Cirillo, et al.**
**      05 CR 212 (SLT)**

Vitale also provided information which led to the prosecution in United States v. Cirillo, et al., which charged four defendants, all of whom were high-ranking members of the Genovese family, with racketeering, including predicate acts of murder conspiracy, loansharking conspiracy, extortion conspiracy, extortion and witness tampering.  The individuals charged were Dominick Cirillo, who was the acting boss of the Genovese family at the time; Lawrence Dentico and John Barbato, who were captains who sat on the ruling committee of the Genovese family; and Anthony Antico, a long-time member and powerful captain in the Genovese family.

Had any of the Cirillo defendants gone to trial, Vitale would have been an important witness to establish the existence of the Genovese family and to identify Dentico's leadership position in the family, including his representation of the Genovese family at a Commission meeting of all five *Cosa Nostra* families.  Notably, Vitale's information about Dentico's

116

leadership role in the family was proffered during the bail proceedings in the case, which contributed to Dentico's pre-trial incarceration on grounds of dangerousness due to his position of power within the Genovese family.

On October 18, 2005, all four of the <u>Cirillo</u> defendants pled guilty to racketeering crimes.  On March 3, 2006, United States District Judge Sandra L. Townes sentenced three of the defendants as follows: Cirillo was principally sentenced to forthy-six months' imprisonment; Dentico was principally sentenced to fifty-one months' imprisonment; and Barbato was sentenced to thirty months' imprisonment.  Thereafter, on March 8, 2006, Judge Townes sentenced Antico principally to thirty months' imprisonment.  In addition, each defendant was sentenced to three years of supervised release and a special assessment of $100.

## VI.   Other Prosecutions

Vitale also provided information that was relevant to the prosecution of longtime criminal defense attorney Larry Bronson and of various defendants associated with organized crime in Canada.  The details of these prosecutions are provided below.

### A.   United States v. Bronson, 05 CR 714 (NGG)

Vitale provided information about criminal defense lawyer Larry Bronson, and in particular, about meetings Vitale

had with other members of organized crime at Bronson's law office
– which contributed to an ensuing investigation of Bronson.  As
further discussed below, Bronson was indicted, convicted and
sentenced.

On September 30, 2005, a grand jury sitting in the
Eastern District of New York indicted Bronson for racketeering
conspiracy, including predicate acts of witness tampering,
bribery, and obstruction of justice, among other charges.
Bronson was a practicing criminal defense lawyer who had
represented various *Cosa Nostra* members and associates, and he
was charged with crimes relating to these representations and a
general abuse of his practice to further the ends of *Cosa Nostra*
and to obstruct justice.  In particular, Bronson was charged with
engaging in repeated acts of witness intimidation and efforts at
bribery in connection with the investigation and prosecution of
various crimes including interstate prostitution, wire fraud,
money laundering, loansharking, and extortion.

Bronson pled guilty to structuring pursuant to Title
31, United States Code, Sections 5324(a)(3) and 5324(d)(1), on
January 10, 2008, and he was sentenced on November 11, 2008 by
this Court to sixteen months' imprisonment, three years of
supervised release, and a $100 special assessment.

Before his sentencing, the government cited Bronson's
involvement in the following unethical and illegal acts, among

118

others: soliciting false trial testimony; permitting *Cosa Nostra* members to use his office to meet in violation of their terms of pretrial and supervised release; signing documents relating to matters before New York courts in his brother's name because the defendant was not admitted to practice in New York; instructing clients that he preferred to be paid in cash, often stating, in substance, "what the IRS doesn't know won't hurt them," and regularly receiving large case payments from clients ranging from $5,000 up to $100,000 in a single payment; providing false information to pretrial services and probation officers in order to help clients violate the conditions of their pretrial and supervised release; acquiring a key to the apartment of a jailed client, taking the client's possessions, including large amounts of cash, without the client's permission, and then renting the apartment, again without the client's permission; reporting to members or organized crime the cooperation status of a client; paying an individual to refer clients to him; using members of *Cosa Nostra* to collect debts owed to the defendant's clients in order to allow the clients to pay Bronson; passing messages from an incarcerated member of *Cosa Nostra* to another member; advising witnesses to lie to the grand jury; threatening, bribing, and attempting to bribe witnesses; and facilitating retaliation against a cooperating member of organized crime by revealing the cooperation to members of *Cosa Nostra*.

119

**B.**   **Canadian Prosecutions**

During the course of his cooperation, Vitale also met with investigators from Canada, and his information was made available to various prosecutors.  His information was specifically relevant to a prosecution referred to as "Project Colisée," which, after a four-year investigation led by the Royal Canadian Mounted Police, resulted in the arrest of more than ninety defendants for a variety of offenses.  Among those arrested with organized crime ties were Francesco Arcadi, Francesco Del Balso, Lorenzo Giordano, Paolo Renda, Nicolo Rizzuto, and Rocco Sollencito.  As part of that prosecution, Vitale met with Canadian law enforcement authorities, and he provided specific information about the Bonanno family's activities in Canada (the Bonanno family has long "controlled" Canada as it relates to the American mafia).  In July 2008, defense lawyers for the six defendants noted above were informed that a cooperating witness had provided information to the Canadian authorities relevant to this prosecution, and Vitale's information was specifically made available for their review.  In September 2008, all pled guilty to various crimes and were sentenced to terms of imprisonment from four to fifteen years.  Although the degree to which Vitale's information led to those pleas is impossible to assess, this much is undisputed: he met with Canadian authorities and provided information relevant to

120

their prosecution.

## COOPERATION OF OTHERS

As will be detailed in a separate filing, information provided by Vitale led directly to the charging of a handful of other members and associates of the Bonanno family who also cooperated with the government.  These witnesses provided information that, in turn, led to the gathering of important information and ultimately the charging of others.  Notably, several of these defendants' consensually recorded conversations with other members and associates of the Bonanno family which can be traced, at least in part, to Vitale's own cooperation.

## CONCLUSION

By any standard, Vitale's cooperation has been substantial.  His information has led to the identification, prosecution, and conviction of scores of violent defendants associated with organized crime.  There can be no question that Vitale himself was a violent member of organized crime and that he spend the majority of his life committed to that criminal enterprise.  For better or worse, however, without the benefit of cooperating witnesses, the government is often unable to prosecute individuals involved in crimes of this nature. Vitale's cooperation is a prime example – he provided information about scores of crimes, including murders, for which the investigations had long run cold.  And while Vitale clearly

121

stands to benefit from his cooperation, he has also done so at great peril to both himself and his family, which has already been the subject of various threats. For all of the reasons detailed herein, the government moves for a downward departure based on Vitale's substantial cooperation.

Date:       September 9, 2010
            Brooklyn, New York


                                LORETTA E. LYNCH
                                United States Attorney

                        By:  Greg D. Andres
                             John Buretta
                             Assistant U.S. Attorneys


cc:  Bradley Simon, Esq.
     Brian Waller, Esq.
     (Attorneys for the Defendant Vitale)

122